Nos. 23-35329 and 23-35330

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

TRACY CAEKAERT and CAMILLIA MAPLEY,
*Plaintiffs-Appellees*,

and

ARIANE ROWLAND and JAMIE SCHULZE,
*Plaintiffs-Appellees*,

v.

PHILIP BRUMLEY,
*Appellant*,

and

WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA,
WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.,
*Defendants.*

On appeals from 28 U.S.C. § 1927 Sanction Orders against a non-party
District of Montana Nos. CV-20-52-BLG-SPW and CV-20-59-BLG-SPW
The Honorable Susan P. Watters

_____

**APPELLANT'S OPENING BRIEF**

_____

Benjamin G. Shatz, Benjamin E. Strauss
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067-3119
(310) 312-4000 ♦ Fax (310) 312-4224

Gerry P. Fagan, Christopher T. Sweeney, Jordan W. FitzGerald
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900, P.O. Box 2559
Billings, MT 59103-2559
(406) 248-7731 ♦ Fax (406) 248-7889

*Attorneys for Appellant* Philip Brumley

# TABLE OF CONTENTS

INTRODUCTION ................................................................................8

JURISDICTIONAL STATEMENT ..................................................10

STATUTE AT ISSUE ........................................................................10

ISSUE PRESENTED .........................................................................10

STATEMENT OF THE CASE...........................................................11

I.   Relevant Background from the District Court Proceedings:
     Acting Solely as a Client-Representative, Mr. Brumley Signs
     Affidavits Supporting Motions to Dismiss; the Motions are
     Withdrawn. ...............................................................................11

II.  Plaintiffs Move for Sanctions and the District Court Imposes
     Sanctions Against Mr. Brumley under 28 U.S.C. § 1927. ..........12

III. Mr. Brumley Appeals the Sanctions Orders, Plaintiffs Move to
     Dismiss the Appeals and to Impose Further Sanctions for Appealing,
     but this Court Denies Those Motions. .......................................13

SUMMARY OF ARGUMENT ...........................................................13

ARGUMENT: The District Court Lacked Authority to Sanction
     Mr. Brumley under 28 U.S.C. § 1927 Because He is Not an
     Attorney of Record in the Case or Admitted to Practice before
     the District Court. ....................................................................14

I.   Circuit Precedent and Persuasive Authority from Throughout the
     Country Supports the Conclusion that the District Court Lacked
     Authority to Sanction Mr. Brumley under § 1927. ....................14

II.  Section 1927 Should be Narrowly Construed Because It is Penal
     in Nature ..................................................................................20

III. Legislative History Confirms that § 1927 Should be Narrowly
     Construed and Not Used to Sanction a Non-Party Who is Neither an
     Attorney of Record Nor Admitted to Practice Before the Sanctioning
     Court. .......................................................................................24

CONCLUSION .................................................................................29

## TABLE OF AUTHORITIES

### CASES

*1507 Corp. v. Henderson*,
447 F.2d 540 (7th Cir. 1971) ...............................................15

*Aetna Cas. & Sur. Co. v. Taylor*,
914 F.2d 261 (9th Cir. 1990) ...............................................20

*AF Holdings LLC v. Navasca*,
No. C-12-2396-EMC, 2013 WL 5701104
(N.D. Cal. Oct. 16, 2013)...................................................17

*Ayala v. Holmes*,
29 F. App'x 548 (10th Cir. 2002) .........................................26

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991)...........................................................26

*Cresswell v. Sullivan & Cromwell*,
922 F.2d 60 (2d Cir. 1990) .................................................20

*David v. Hooker, Ltd.*,
560 F.2d 412 (9th Cir. 1977) ...............................................10

*Dreiling v. Peugeot Motors of Am.*,
768 F.2d 1159 (10th Cir. 1985) ...........................................21

*Estrada v. Rowland*,
69 F.3d 405 (9th Cir. 1995) .................................................22

*F.T.C. v. Alaska Land Leasing, Inc.*,
799 F.2d 507 (9th Cir. 1986) ............................... 14-17, 20, 23

*Gasho v. United States*,
39 F.3d 1420 (9th Cir. 1994) ...............................................23

*Haynes v. City & Cty. of San Francisco*,
688 F.3d 984 (9th Cir. 2012) ...........................................16, 17

*In re Marker*,
133 B.R. 340 (W.D. Pa. 1991).............................................28

*Kaass Law v. Wells Fargo Bank, N.A.*,
799 F.3d 1290 (9th Cir. 2015) ............................... 14-15, 23

*Kiefel v. Las Vegas Hacienda, Inc.*,
404 F.2d 1163 (7th Cir. 1968) .............................................21

## TABLE OF AUTHORITIES
### (continued)

*Kim v. Earthgrains Co.*,
No. 01-C-3895, 2003 WL 41643
(N.D. Ill. Jan. 3, 2003) ........................................................................24

*Knorr Brake Corp. v. Harbil, Inc.*,
738 F.2d 223 (7th Cir. 1984) ...............................................................21

*LaSalle Nat'l Bank v. First Connecticut Holding Group*,
287 F.3d 279 (3d Cir. 2002) ................................................................21

*Lee v. L.B. Sales, Inc.*,
177 F.3d 714 (8th Cir. 1999) ...............................................................28

*Leventhal v. New Valley Corp.*,
148 F.R.D. 109 (S.D.N.Y. 1993) .........................................................17

*Longview Fibre Co. v. Rasmussen*,
980 F.2d 1307 (9th Cir. 1992) .............................................................15

*Lowery v. County of Riley*,
738 F. Supp. 2d 1159 (D. Kan. 2010).................................................19

*Manez v. Bridgestone Firestone North American Tire*,
533 F.3d 578 (7th Cir. 2008) ........................................................18, 19

*Matta v. May*,
118 F.3d 410 (5th Cir. 1997) ...............................................................18

*McIntosh v. Gilley*,
753 F. Supp. 2d 46 (D.D.C. 2010).......................................................22

*Meadowbriar Home for Children, Inc. v. Gunn*,
81 F.3d 521 (5th Cir. 1996) .................................................................24

*Miranda v. Anchondo*,
684 F.3d 844 (9th Cir. 2012) ...............................................................14

*Mone v. Comm'r*,
774 F.2d 570 (2d Cir. 1985) ..........................................................20, 21

*Monk v. Roadway Exp., Inc.*,
599 F.2d 1378 (5th Cir. 1979) .............................................................21

# TABLE OF AUTHORITIES
## (continued)

*Motion Picture Patents Co. v. Steiner*,
  201 F. 63 (2d Cir. 1912) ............................................................15, 26

*Norelus v. Denny's, Inc.*,
  628 F.3d 1270 (11th Cir. 2010) ..........................................21

*Peterson v. BMI Refractories*,
  124 F.3d 1386 (11th Cir. 1997) ..........................................22

*Piljan v. Michigan Dep't of Soc. Servs.*,
  585 F. Supp. 1579 (E.D. Mich. 1984) .................................28

*Popa-Verdecia v. Marco Trucking, Inc.*,
  No. 8:18-CV-1869-T-02AEP, 2019 WL 527974
  (M.D. Fla. Feb. 11, 2019) .............................................19, 28

*Roadway Exp., Inc. v. Piper*,
  447 U.S. 752 (1980).............................................22, 25, 27

*Sassower v. Field*,
  973 F.2d 75 (2d Cir. 1992) ..................................................24

*Sneller v. City of Bainbridge Island*,
  606 F.3d 636 (9th Cir. 2010) .......................................16, 20, 23

*Snyder v. ACORD Corp.*,
  No. 1:14-CV-01736-JLK, 2019 WL 319407
  (D. Colo. Jan. 24, 2019).....................................................28

*SPV-LS, LLC v. Transam. Life Ins. Co.*,
  912 F.3d 1106 (8th Cir. 2019) ...........................................21

*Sumanth v. Essential Brands, Inc.*,
  No. CV MJG-17-2450, 2018 WL 558612
  (D. Md. Jan. 25, 2018).......................................................22

*United States v. Associated Convalescent Enters., Inc.*,
  766 F.2d 1342 (9th Cir. 1985) ............................................14

*United States v. Kouri-Perez*,
  187 F.3d 1 (1st Cir. 1999).....................................................22

*United States v. Ross*,
  535 F.2d 346 (6th Cir. 1976) ..............................................21

## TABLE OF AUTHORITIES
### (continued)

*Wages v. IRS*,
  915 F.2d 1230 (9th Cir. 1990) ........................................................26

*Williams Enters., Inc. v. Sherman R. Smoot Co.*,
  938 F.2d 230 (D.C. Cir. 1991) ......................................................22

## STATUTES

28 U.S.C. § 829 (1926) ......................................................................25

28 U.S.C. § 1291 ...............................................................................10

28 U.S.C. § 1332(a) ............................................................................9

28 U.S.C. § 1927 ........................................................................*passim*

Act of July 22, 1813, ch. 14, § 1, 3 Stat. 19, 19-20 ........................25

Compiled Statutes of the United States, 1901,
  tit. 8, ch. 18, § 982 (Mallory 1902) ...............................................25

Revised Statutes of the United States, § 982 ....................................25

## RULES

Fed. R. App. P. 4(a)(1)(A) .................................................................10

Fed. R. Civ. P. 11 ........................................................................17, 18

Fed. R. Civ. P. 11(c) ..........................................................................11

Fed. R. Civ. P. 37(b)(2)(C) ...............................................................22

Fed. R. Civ. P. 37(d) ..........................................................................22

## OTHER AUTHORITIES

1980 U.S.Code Cong. & Ad.News 2716, 2782 .................................28

Antitrust Procedural Act of 1979, S. 390: Hearings Before the Subcomm.
  On Antitrust and Monopoly of the Comm. on the Judiciary,
  96th Cong. 60 (1979) .................................................................26, 27

H.R. Conf. Rep. No. 96-1234 (1980) ..............................................9, 27

H.R. Rep. No. 308 (April 25, 1947) ..................................................25

## TABLE OF AUTHORITIES
### (continued)

Hon. James F. Holderman, *Section 1927 Sanctions and the Split Among the Circuits*,
32 Litig. 44 (Fall 2005)......................................................................24, 29

Janochoski, *Punishing the Pettifogger's Practice: Applying the Sanction Power of 28 U.S.C. § 1927 to Law Firms*,
102 Minn. L. Rev. 1733 (2018) ...................................................................25

Josselyn, *The Song of the Sirens: Sanctioning Lawyers Under 28 U.S.C. 1927*,
31 Boston Coll. L.R. 477 (1990) ....................................................................25

Kifer, *Law Firms Are People Too: Law Firm Sanctions Under 28 U.S.C. § 1927 and the Strained Reading of Person*,
61 St. Louis U. L.J. 547 (2017) .....................................................................27

Waldman, *Federal Court Sanctions Against Attorneys Under 28 U.S.C. § 1927: The 11th Circuit Court Of Appeals Attempts To Divide The Standard For Multiplying The Proceedings In Bad Faith*,
81 Fla. Bar J. 16 (Jan. 2007) ........................................................................26

Whitt, *Split on Sanctioning Pro Se Litigants Under 28 U.S.C. § 1927*,
73 Mo. L. Rev. 1365 (2008) .........................................................................26

Winn, *A Firm for Sanctions: Taking a Stance on Whether 28 U.S.C. § 1927 Should Apply to Law Firms*,
73 Wash & Lee L. Rev. 2135 (2016)................................................................26

# INTRODUCTION

Appellant Philip Brumley is not a party to this litigation, nor is he counsel of record representing any party in this litigation—nor could he be, given that he is not admitted to the District of Montana where the action is pending. Instead, Mr. Brumley is in-house General Counsel for one of the defendants, Watch Tower Bible and Tract Society of Pennsylvania (WTPA). During the district court litigation, acting in his capacity as WTPA's representative on jurisdictional issues, Mr. Brumley signed affidavits, prepared with the assistance and advice of WTPA's counsel in the litigation. Based on his signing factual affidavits for WTPA, the district court sanctioned Mr. Brumley personally for over $150,000 under 28 U.S.C. § 1927. The district court's orders are unprecedented and should be reversed.

Section 1927 empowers courts to sanction an "attorney" who "unreasonably and vexatiously" "multiplies the proceedings" in a case. Section 1927 is designed to allow a court to sanction lawyers who are acting as counsel, i.e., conducting litigation, in a case pending before the court. Section 1927 was never intended to allow a fact-witness or party representative—who merely also happens to be a lawyer—to be sanctioned. Neither the district court nor the Plaintiffs-Appellees identified any case in which a court imposed § 1927 sanctions under such circumstances, i.e., against a non-party, non-counsel of record, who never appeared in the case (as party or counsel) and who is not even admitted to practice before the sanctioning court.

While this Court has not yet addressed whether a district court can impose sanctions against someone like Mr. Brumley—a non-party, affiant-witness, who also happens to be an attorney admitted in another jurisdiction—this Court should

decide this important issue of first impression and hold that district courts lack authority to impose sanctions against someone like Mr. Brumley under § 1927. This Court's precedent, as well as authority from other circuit and district courts, supports this proper reading of § 1927.

In addition, this Court should follow other circuits that have held that § 1927 should be interpreted narrowly because it is penal in nature—i.e., it serves to punish an "attorney" who "unreasonably and vexatiously" "multiplies" proceedings by imposing personal liability for fees and costs traceable to such conduct. This Court recognizes that penal statutes should be applied and interpreted narrowly, and should extend that reasoning to § 1927 to conclude that the sanctions against Mr. Brumley were unauthorized.

Legislative history confirms this narrow interpretation, and notes that § 1927 sanctions must meet a "high standard" to avoid infringing on the advocacy of an "attorney *in representing his client*." H.R. Conf. Rep. No. 96-1234, at 8 (1980), reprinted in 1980 U.S.C.A.C.A.N. 2782. This and other legislative history material demonstrate that Congress contemplated sanctions against attorneys representing the parties before the sanctioning court—not against a non-party, affiant-witness, who also happens to be an attorney admitted in another jurisdiction.

Accordingly, this Court should reverse the district court and vacate the orders imposing § 1927 sanctions against Mr. Brumley.

## JURISDICTIONAL STATEMENT

The district court had diversity jurisdiction under 28 U.S.C. § 1332(a). *See* CV-52 Dkt. No. 22 at ¶¶ 1–7; CV-59 Dkt. No. 83 at ¶¶ 1–6. The district court entered its orders imposing sanctions against Mr. Brumley on April 14, 2023, 1-ER-2–45, and Mr. Brumley timely appealed those orders on May 8, 2023, 4-ER-554–57. Fed. R. App. P. 4(a)(1)(A).

The district court's orders resolved all issues with respect to non-party Mr. Brumley, so those orders were final and appealable, *see, e.g.*, *David v. Hooker, Ltd.*, 560 F.2d 412, 415 (9th Cir. 1977), and this Court has jurisdiction under 28 U.S.C. § 1291.

## STATUTE AT ISSUE

### 28 U.S.C. § 1927 — Counsel's liability for excessive costs

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

## ISSUE PRESENTED

Whether the district court lacked authority to issue sanctions under 28 U.S.C. § 1927 against Mr. Brumley because he is not an attorney of record in the case or admitted to practice before the district court, this Court, or any other court within the State of Montana.

## STATEMENT OF THE CASE

I.  **Relevant Background from the District Court Proceedings: Acting Solely as a Client-Representative, Mr. Brumley Signs Affidavits Supporting Motions to Dismiss; the Motions are Withdrawn.**

In response to two complaints, Defendant WTPA filed motions to dismiss each case for lack of personal jurisdiction. 1-ER-47, 62. To support both motions, WTPA attached affidavits signed by Mr. Brumley, its in-house General Counsel. 1-ER-47, 62; *see* 2-ER-275–82. Those affidavits made several statements indicating that WTPA had no contacts with Montana. 1-ER-47, 62; *see* 2-ER-275–82.

Plaintiffs disagreed with the affidavits' assertions and submitted documentary evidence attempting to dispute them. 1-ER-47, 62; *see, e.g.*, 2-ER-241–74. WTPA then filed a second affidavit in both cases, also signed by Mr. Brumley, in which he stated that the documents presented did not invalidate his earlier statements. 1-ER-47, 62; *see* 2-ER-235–40. The district court reserved ruling on WTPA's motions and provided the parties an opportunity to conduct jurisdictional discovery. 1-ER-47, 62.

After jurisdictional discovery and related motion practice, WTPA withdrew its motions to dismiss. 1-ER-48, 63; *see* 2-ER-199–204. Specifically, Plaintiffs demanded that WTPA withdraw its motions to dismiss under the safe harbor provision of Federal Rule of Civil Procedure 11(c), which WTPA agreed to do. 1-ER-50-51, 64–65; *see* 2-ER-178–204.

11

**II.    Plaintiffs Move for Sanctions and the District Court Imposes Sanctions Against Mr. Brumley under 28 U.S.C. § 1927.**

Despite prevailing on the motions to dismiss—after having successfully convinced its opposing party, WTPA, to withdraw its motions—Plaintiffs sought sanctions against Mr. Brumley and co-defendant Watchtower and Bible and Tract Society of New York, Inc.'s Associate General Counsel Joel Taylor under 28 U.S.C. § 1927 and under the district court's inherent authority. 1-ER-48, 63. Plaintiffs did not seek sanctions against WTPA, including under the district court's inherent powers, presumably because they had convinced WTPA to use the safe harbor provision. *See generally* 1-ER-48, 63; CV-52 Dkt. Nos. 101-102; CV-59 Dkt. Nos. 90–91. Nor did Plaintiffs seek sanctions against WTPA's counsel of record.

The district court granted Plaintiffs' motions with respect to Mr. Brumley but denied them with respect to Mr. Taylor. 1-ER-46–75. The district court expressly denied sanctions against Mr. Brumley under its inherent authority, but granted sanctions under § 1927. 1-ER-59, 73–74. Thereafter, the district court awarded sanctions of $154,448.11 against Mr. Brumley personally. 1-ER-2, 25.[1] Thus, by virtue of having signed factual affidavits on behalf of a party, Mr. Brumley became liable for over $150,000 in sanctions. Under a reservation of rights, and to avoid the running of interest, Mr. Brumley paid the sanctions.[2] 4-ER-579, 599; CV-52 Dkt. No. 227; CV-59 Dkt. No. 177.

---

[1] The district court entered essentially the same sanctions order in both cases that were proceeding in parallel. *Compare* 1-ER-2–23 *with* 1-ER-24–45.

[2] The district court denied Mr. Brumley's request to stay payment of sanctions pending appeal. 1-ER-23, 45.

III. **Mr. Brumley Appeals the Sanctions Orders, Plaintiffs Move to Dismiss the Appeals and to Impose Further Sanctions for Appealing, but this Court Denies Those Motions.**

Because the district court's sanctions orders resolved all issues with respect to Mr. Brumley, he filed timely notices of appeal of the relevant final sanctions orders from both district court cases.[3] 4-ER-554–57.

Plaintiffs moved to dismiss both appeals for lack of jurisdiction and to impose sanctions against Mr. Brumley and his counsel for filing the appeals. DktEntry No. 4. Mr. Brumley (through counsel) opposed. DktEntry No. 9. Plaintiffs filed a reply brief. DktEntry No. 10.

A motions panel of this Court (Judges Tallman, N.R. Smith, and Collins) denied the motions to dismiss the appeals and requests for sanctions (without prejudice). DktEntry No. 14.

## SUMMARY OF ARGUMENT

As a fact-witness and party representative, Mr. Brumley was not acting as an "attorney or other person admitted to conduct cases" before the district court, so he should not have been sanctioned under § 1927. Nothing in the case law or legislative history indicates that someone in Mr. Brumley's position was meant to be subject to sanctions under that statute.

Section 1927's use of the word "attorney" and use of the phrase "other person admitted to conduct cases" are meant to apply to counsel of record conducting the

---

[3] This Court granted Mr. Brumley's unopposed motion to consolidate the two essentially identical appeals for purposes of the record, briefing, oral argument, and decision. DktEntry No. 15.

litigation, and to any non-attorneys acting *pro se*, who are in a position to control the conduct of the litigation and thereby to abuse that control by taking unreasonable or vexatious actions to improperly multiply the proceedings. Interpreting § 1927 to apply to Mr. Brumley is wrong.

## STANDARD OF REVIEW

"The construction or interpretation of 28 U.S.C. § 1927 is a question of law, and is reviewed de novo." *Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1292 (9th Cir. 2015) (citing *Miranda v. Anchondo*, 684 F.3d 844, 849 (9th Cir. 2012)).

Sanctions orders are reviewed for abuse of discretion. *F.T.C. v. Alaska Land Leasing, Inc.*, 799 F.2d 507, 510 (9th Cir. 1986) (citing *United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1345 (9th Cir. 1985)). Any factual findings on which a district court bases a sanctions award are reviewed for clear error. *Id*.

## ARGUMENT:
**The District Court Lacked Authority to Sanction Mr. Brumley under 28 U.S.C. § 1927 because He is Not an Attorney of Record in the Case or Admitted to Practice before the District Court.**

**I.  Circuit Precedent and Persuasive Authority from Throughout the Country Supports the Conclusion that the District Court Lacked Authority to Sanction Mr. Brumley under § 1927.**

This Court has not addressed whether a district court can impose sanctions against someone like Mr. Brumley—a non-party, affiant-witness, who also happens to be an attorney admitted in another jurisdiction. While the current statutory language of § 1927 seems broad enough to suggest that merely being an attorney

admitted in "any" federal court can suffice, this Court should construe the statute to mean that a district court lacks authority to impose sanctions against someone like Mr. Brumley under § 1927. Circuit precedent, as well as authority from other circuit and district courts, supports this narrower and proper reading of § 1927.

This Court has already held that § 1927 sanctions cannot be imposed against a non-party (or party) to the litigation or against a law firm. *See Kaass Law*, 799 F.3d at 1924 (law firm); *Alaska Land Leasing*, 799 F.2d at 508–10 (non-party).

In determining that sanctions cannot be imposed against a law firm, the Court explained that under "the principle of statutory construction, 'expressio unius' . . . the 'specificity and precision' of § 1927, allowing for sanctions only against 'attorneys' or 'other person admitted to conduct cases' was designed to exclude sanctions against a law firm." *Kaass Law*, 799 F.3d at 1294 (citing *Longview Fibre Co. v. Rasmussen*, 980 F.2d 1307, 1312–13 (9th Cir. 1992)). Here, Mr. Brumley was not acting as an "attorney," nor was he "admitted to conduct cases" before the district court, *see* 2-ER-82, 87, so § 1927 sanctions against him were not permitted under *Kaass Law*, 799 F.3d at 1294.

With respect to non-parties, this Court overturned sanctions awarded by a district court under § 1927 against a financial consultant employed by attorneys representing two parties to the suit. *See Alaska Land Leasing*, 799 F.2d at 508–10. In vacating the sanctions award, this Court held that "Section 1927 does not authorize recovery from a party or an employee, but '*only* from an attorney or otherwise admitted representative of a party.'" *Id*. at 510 (quoting *1507 Corp. v. Henderson*, 447 F.2d 540, 542 (7th Cir. 1971)) (citing *Motion Picture Patents Co. v.*

*Steiner*, 201 F. 63, 64 (2d Cir. 1912)). This Court reaffirmed this principle in *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 640 (9th Cir. 2010), which vacated an award of § 1927 sanctions because "[t]he sanction here was imposed jointly on counsel and the client, but § 1927 authorizes sanctions only upon counsel."

Here, Mr. Brumley is not a party to the underlying cases in the district court. DktEntry No. 9 at 11, ¶ 5. Mr. Brumley also has never been a party's attorney in the cases (and never sought to be). 2-ER-82, 87; DktEntry No. 9 at 11, ¶¶ 3–5. In fact, Mr. Brumley is not even admitted to practice in Montana (in state or federal court)— or in any jurisdiction within this Circuit. 2-ER-82, 87; DktEntry No. 9 at 11, ¶¶ 8–9. Instead, Mr. Brumley is WTPA's General Counsel. 2-ER-82, 87; DktEntry No. 9 at 11, ¶ 2. He has never "appeared" in this case—other than to file his notices of appeal here, after the district court personally sanctioned him—nor has he ever appeared in any case in the District of Montana or this Court (as either an attorney or a party). 2-ER-82, 87; DktEntry No. 9 at 11, ¶¶ 3–10. Thus, § 1927 sanctions against Mr. Brumley are impermissible under *Alaska Land Leasing*, 799 F.2d at 508–10 and *Sneller*, 606 F.3d at 640.

Importantly, this Court has recognized that "[t]he purpose of § 1927 may be to deter attorney misconduct, or to compensate the victims of an attorney's malfeasance, or to both compensate and deter." *Haynes v. City & Cty. of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012) (citations omitted). Imposing sanctions against Mr. Brumley under § 1927 does not serve to deter attorney misconduct because he was not acting as an attorney in this case—nor was he licensed to do so. *See* 2-ER-82, 87; DktEntry No. 9 at 11, ¶¶ 3–10. Rather, he merely signed two

affidavits, prepared with the assistance and advice of WTPA's counsel in the litigation. *See* 2-ER-82, 87; DktEntry No. 9 at 11, ¶ 5. Thus, Mr. Brumley committed no conduct (improper or otherwise) *as an attorney* that can be subject to sanctions under § 1927. *See Haynes*, 688 F.3d at 987; *Alaska Land Leasing*, 799 F.2d at 510.

Even without clear guidance from this Court, district courts within this Circuit have determined that they lack authority under § 1927 to sanction someone who happens to be an attorney but who is not acting as counsel of record in the case.

For example, the Northern District of California adopted the recommendation of a Magistrate Judge to deny sanctions under § 1927 because "there was insufficient authority to support the proposition that 'an attorney who is not of record can be sanctioned pursuant to Section 1927.'" *See AF Holdings LLC v. Navasca*, No. C-12-2396-EMC, 2013 WL 5701104, at *2 (N.D. Cal. Oct. 16, 2013). As in *Navasca*, neither the Plaintiffs nor the district court identified any authority to support the proposition that Mr. Brumley—"an attorney who is not of record[—]can be sanctioned pursuant to Section 1927." *See id.*

Courts outside this Circuit have reached the same conclusion, and several have held that a court lacks authority to sanction the general counsel of a party who was not attorney of record in the case.

In *Leventhal v. New Valley Corp.*, 148 F.R.D. 109, 112 (S.D.N.Y. 1993), the court determined that a senior vice present and general counsel (Walters) could not be sanctioned for an affidavit he submitted in opposition to plaintiff's summary judgment motion. While the court initially discussed sanctions under Rule 11, it then

concluded that "[f]or comparable reasons I also decline to sanction Walters under § 1927 or the Court's inherent powers," explaining that:

> Rule 11 sanctions are not available against Walters because he was neither "an attorney of record" nor "a party" within the contemplation of the Rule. Brown and Fischer were the attorneys of record. New Valley was the party. Walters was an affiant-witness, who happened also to be an attorney. His corporate office is sufficient to visit liability for sanctions upon New Valley, if Walters' conduct upon behalf of that party was in fact sanctionable; but there is no basis in the Rule for sanctioning Walters himself.

Just like Walters, Mr. Brumley "was an affiant-witness, who happened also to be an attorney," so sanctions against him under § 1927 were improper. *See id.*

In *Matta v. May*, 118 F.3d 410, 414 (5th Cir. 1997), the Fifth Circuit reversed a sanctions award against a party who, like Mr. Brumley, also happened to be an attorney, explaining:

> It is clear from the record that Matta was represented by an attorney throughout this case. Neither his status as a licensed attorney nor his *pro se* brief filed in the related case make him liable for attorney fees under § 1927. Therefore, § 1927 cannot serve as the basis of the [] attorney fee award in this case.

Similarly, in *Manez v. Bridgestone Firestone North American Tire*, 533 F.3d 578 (7th Cir. 2008), the Seventh Circuit held that it could not sanction a Mexican attorney, Pereznieto, under § 1927. The case involved a fraudulent attempt to escape a dismissal based on forum non conveniens. *See id.* at 582–83. The district court dismissed the case, but then the plaintiff hired the Mexican attorney who obtained a fraudulent document from the Mexican court system purporting to decline

jurisdiction over the case. *See id.* at 582–85. The court explained that the attorney "'played a double role in this attempted fraud on the court,' both by orchestrating the proceedings in [Mexico] and by submitting an 'expert affidavit' to the Seventh Circuit in support of the plaintiffs' arguments while the initial appeal was pending." *Id.* at 585. Nonetheless, the court concluded that "Section 1927 permits sanctions only against '[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof.' Pereznieto is neither, and so the court's sanction was not authorized by § 1927." *Id.*

In *Lowery v. County of Riley*, 738 F. Supp. 2d 1159, 1170 (D. Kan. 2010), the court declined to impose sanctions against an insurer's general counsel (who was not attorney of record) for conduct relating to a mediation, explaining that:

> To the extent that the City/County Defendants seek to apply 28 U.S.C. § 1927 against Arbuckle, the general counsel of FAMI, the Court has additional concerns. FAMI was not a party to this case at the time of the mediation. The basis for the claimed sanctions sought by the City/County Defendants all occurred before FAMI sought to intervene in this case. Thus, while Arbuckle was acting as an attorney when he appeared at the mediation on behalf of FAMI, he was not in the normal position of an attorney of record for a party . . . .

The Middle District of Florida likewise denied § 1927 sanctions against an attorney because "movants have not provided the Court with a case showing that fees under 28 U.S.C. § 1927 are available against a lawyer who was *never counsel of record* in the present proceeding." *Popa-Verdecia v. Marco Trucking, Inc.*,

No. 8:18-CV-1869-T-02AEP, 2019 WL 527974, at *1 (M.D. Fla. Feb. 11, 2019) (emphasis added). The same is true here.

Therefore, based upon *Alaska Land Leasing*, 799 F.2d at 508–10 and *Sneller*, 606 F.3d at 640, as well as the persuasive authority from throughout the country discussed above, this Court should hold that the district court lacked authority to issue sanctions under § 1927 against Mr. Brumley, who is neither an attorney of record in this case nor admitted to practice before the district court, this Court, or any other court within the State of Montana. This Court should reverse.

## II. Section 1927 Should be Narrowly Construed Because It is Penal in Nature

While this Court has not yet addressed how broadly to interpret § 1927, nearly every other Circuit has cautioned against a broad reading of § 1927.[4] This Court should follow the consensus of these other Circuits and adopt a narrow reading of § 1927 to preclude punishing non-parties like Mr. Brumley.

The Second Circuit holds that § 1927 "should be construed narrowly and with great caution, so as not to 'stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.'" *See Mone v. Comm'r*, 774 F.2d 570, 574 (2d Cir. 1985) (citations omitted); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 69 (2d Cir. 1990).

---

[4] In an unpublished memorandum disposition, this Court noted that § 1927 was "stricter" than a state sanctions statute providing that "[i]n any contested action arising out of a contract . . . the court may award the successful party reasonable attorney's fees." *Aetna Cas. & Sur. Co. v. Taylor*, 914 F.2d 261 (9th Cir. 1990).

The Third Circuit adopted this principle in *LaSalle National Bank v. First Connecticut Holding Group*, 287 F.3d 279, 289 (3d Cir. 2002) (quoting *Mone*, 774 F.2d at 574, and reasoning that "the power to sanction under Section 1927 necessarily 'carries with it the potential for abuse and therefore the statute should be construed narrowly and with great caution").

The Sixth Circuit holds that "[b]ecause [§] 1927 is penal in nature, we believe that it should be strictly construed." *United States v. Ross*, 535 F.2d 346, 350 (6th Cir. 1976). The Fifth Circuit "agree[s] with the Sixth Circuit in its observations that [§] 1927 should be strictly construed because it is penal in nature." *Monk v. Roadway Exp., Inc.*, 599 F.2d 1378, 1382 (5th Cir. 1979) (citation omitted).

The Seventh Circuit reached the same conclusion, holding that § 1927 "clearly is punitive and thus must be construed strictly." *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226 (7th Cir. 1984) (citation omitted).

The Eighth Circuit similarly holds that "[c]ourts should construe § 1927 strictly and impose sanctions only 'when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *SPV-LS, LLC v. Transam. Life Ins. Co.*, 912 F.3d 1106, 1113 (8th Cir. 2019) (citation omitted).

The Tenth Circuit has likewise held that "[t]he power to assess costs against an attorney under § 1927 . . . is a power that must be strictly construed and utilized only in instances evidencing a 'serious and standard disregard for the orderly process of justice.'" *Dreiling v. Peugeot Motors of Am.*, 768 F.2d 1159, 1165 (10th Cir. 1985) (quoting *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968)).

Similarly, the Eleventh Circuit has "long held that 'the provisions of § 1927, being penal in nature, must be strictly construed.'" *Norelus v. Denny's, Inc*., 628 F.3d 1270, 1281 (11th Cir. 2010) (citations omitted). Notably, when faced with a broad or narrow interpretation of "costs" under § 1927, the Supreme Court chose the narrow reading. *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 759 (1980).

There is no contrary authority, and even in the circuits that have not expressly asserted that § 1927 must be construed narrowly, those circuits and courts within those circuits effectively adopt that approach. *See, e.g.*, *United States v. Kouri-Perez*, 187 F.3d 1, 7 (1st Cir. 1999) (favorably citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997)); *Williams Enters., Inc. v. Sherman R. Smoot Co.*, 938 F.2d 230, 237 (D.C. Cir. 1991) (warning that counsel may be penalized under § 1927); *McIntosh v. Gilley*, 753 F. Supp. 2d 46, 66 (D.D.C. 2010); *Sumanth v. Essential Brands, Inc.*, No. CV MJG-17-2450, 2018 WL 558612, at *5 (D. Md. Jan. 25, 2018).

This Court has also recognized that statutes imposing penal sanctions like § 1927 should be construed narrowly. For example, "[t]his circuit has strictly construed the language of Rule 37(d)," which allows certain enumerated sanctions against a "party" who "fails to appear" at a deposition. *Estrada v. Rowland*, 69 F.3d 405, 406 (9th Cir. 1995) (per curiam). One of those enumerated sanctions allowed for dismissal of the case. *See id.* at 406 (citing Fed. R. Civ. P. 37(b)(2)(C)). In *Estrada*, the district court invoked this ultimate sanction and dismissed Estrada's complaint after he attended his deposition but refused to testify. *Id.* at 405. However, this Court reversed by following a strict reading of Rule 37(d) and holding that

"a party who appears at a deposition but refuses to testify does not 'fail to appear' for the purposes of [Rule] 37(d) . . . ." This Court has also recognized the general proposition that "penal statutes must be strictly construed." *Gasho v. United States*, 39 F.3d 1420, 1432 n.11 (9th Cir. 1994).

Section 1927 serves to punish an "attorney" who "unreasonably and vexatiously" "multiplies the proceedings" in a case by holding counsel personally liable for the costs and fees traceable to such conduct. A broad interpretation, one that allows sanctions against a non-party, non-counsel of record who is not admitted to practice before the sanctioning court but is admitted to some other federal court, would violate the purpose of the statute. A narrow interpretation, on the other hand, would apply the statute to attorneys, *pro se* litigants, and those individuals who are admitted in the court and appear as counsel of record in the case in which the court seeks to impose sanctions. This narrower interpretation is the one favored by the courts that have addressed the statute, and we urge that interpretation here.

Although this Court has yet to expressly state that § 1927 should be construed narrowly, in practice that is what the Court has done. In *Kaass Law*, 799 F.3d at 1294, this Court reversed § 1927 sanctions by narrowly construing the statute to apply only to individual attorneys, not law firms. In *Alaska Land Leasing*, 799 F.2d at 508–10, this Court reversed § 1927 sanctions, narrowly construing the statute so that it would not apply to a party or an employee. And in *Sneller*, 606 F.3d at 640, this Court reversed § 1927 sanctions because they could not be imposed jointly on counsel and the client.

The persistent focus that the sanctions fall only on counsel representing parties in court—and not the parties themselves—is consistent and informative. *See, e.g.*, *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996) (explaining that § 1927 applies not to parties but rather to the parties' attorneys).

This also accords with the notion that the word "admitted" in § 1927 means attorneys who appear in a "lawyerlike capacity." *Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992); *Kim v. Earthgrains Co.*, No. 01-C-3895, 2003 WL 41643, at *1 (N.D. Ill. Jan. 3, 2003) (following *Sassower*). Here, by signing the Defendant's affidavits, Mr. Brumley was acting as a client-representative—asserting facts—not acting as a lawyer, arguing law or conducting litigation. The affidavits could have been signed by some other WTPA representative, and it is only mere happenstance that they were signed by a party-representative who happened to be a lawyer and also happened to be admitted to a federal court 2,000 miles away. Given the harsh consequences visited by § 1927 sanctions, a careful and narrow construction is proper, and should exclude Mr. Brumley.

## III. Legislative History Confirms that § 1927 Should be Narrowly Construed and Not Used to Sanction a Non-Party Who is Neither an Attorney of Record Nor Admitted to Practice Before the Sanctioning Court.

The origins, purpose, and development of § 1927 over the past 200 years make clear that sanctioning someone like Mr. Brumley was never intended or even contemplated. The legislative history and amendments to § 1927 demonstrate that the focus was always on the particular lawyer responsible for conducting the litigation and who was admitted to practice before the sanctioning court.

24

The statute's history runs like this: In the early 1800's, a concern arose that certain appointed United States Attorneys, who at that time were paid on a piecework basis, were filing unnecessary lawsuits to inflate their compensation. Hon. James F. Holderman, *Section 1927 Sanctions and the Split Among the Circuits*, 32 Litig. 44, 45 (Fall 2005); Janet E. Josselyn, *The Song of the Sirens: Sanctioning Lawyers Under 28 U.S.C. 1927*, 31 Boston Coll. L.R. 477, 478 n.4 (1990); *Roadway Exp.,* , 447 U.S. at 759 n.6. As a result, in 1813, the genesis of what would become § 1927 was passed to deter the filing of multiple federal lawsuits that could have been filed as a single lawsuit.[5] Joseph T. Janochoski, *Punishing the Pettifogger's Practice: Applying the Sanction Power of 28 U.S.C. § 1927 to Law Firms*, 102 Minn. L. Rev. 1733, 1739 (2018). Thus, from the start, this sanctions law was intended to target the lawyers who file the litigation.

In 1901 the provision became § 982 of the Revised Statutes of the United States, and provided: "If any attorney . . . admitted to conduct causes in any court of the United States . . . appears to have multiplied the proceedings in any cause *before such court* . . . ."[6] (emphasis added). This "before such court" language made clear that a lawyer who was admitted to "conduct" cases before a particular federal court could be sanctioned *by that court* for multiplying proceedings being handled *in that court*. The "any court" language was meant to allow the statute to apply to every

---

[5] Act of July 22, 1813, ch. 14, § 1, 3 Stat. 19, 19-20; 26 Annals of Congr. 29 (1813) (noting need for legislation to "prevent multiplicity of suits" where a single lawsuit would suffice).

[6] H.R.Rep. No. 308 at A287 (April 25, 1947); Compiled Statutes of the United States, 1901, tit. 8, ch. 18, § 982 (Mallory 1902).

federal court—not to mean that admission in a federal court other than the sanctioning court could suffice.

In 1926, the provision was renumbered as § 829 of Title 28. And in 1948 Congress again renumbered and revised the provision to be § 1927.[7] One revision in 1948 was to remove the "before such court" language, presumably as surplusage. Another modification to the text was to make clear that the sanctions were to be assessed against the attorneys themselves and *not their clients*. Janochoski, *supra,* at 1740; *see Motion Picture Patents*, 201 F. at 64 (explaining that § 1927 sanctions are "designed to punish the pettifogger" and "not apply to the client, no matter how reprehensible his conduct"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991) (recognizing that nothing in § 1927's language provides for sanctioning parties rather than counsel).

In its current codification, § 1927 is titled "*Counsel's* liability for excessive costs" and applies to "Any attorney or other person admitted to conduct cases in any [federal] court . . . ." (emphasis added). The "other person" language exists to cover non-attorneys admitted to court to conduct litigation, e.g., *pro se* litigants, specially admitted law students, and non-attorneys allowed to practice in certain patent proceedings. *See Wages v. IRS*, 915 F.2d 1230, 1235–36 (9th Cir. 1990); *Ayala v.*

---

[7] Thus, the statutory progression was (1) an original 1813 version, (2) an 1853 version, (3) Title XIII of the Revised Statutes of the U.S. § 982 (1873), (4) 28 U.S.C. § 829 (1926), and (5) 28 U.S.C. § 1927 (1948), amended in 1980 (*see* Antitrust Procedural Act of 1979, S. 390: Hearings Before the Subcomm. on Antitrust and Monopoly of the Comm. on the Judiciary, 96th Cong. 60 (1979)). *See* Jessica A. Winn, *A Firm for Sanctions: Taking a Stance on Whether 28 U.S.C. § 1927 Should Apply to Law Firms*, 73 Wash & Lee L. Rev. 2135, 2143–54 (2016).

*Holmes*, 29 F. App'x 548, 550–51 (10th Cir. 2002); Kelsey Whitt, *Split on Sanctioning Pro Se Litigants Under 28 U.S.C. § 1927*, 73 Mo. L. Rev. 1365, 1380–81 (2008); Glenn J. Waldman, *Federal Court Sanctions Against Attorneys Under 28 U.S.C. § 1927: The 11th Circuit Court Of Appeals Attempts To Divide The Standard For Multiplying The Proceedings In Bad Faith*, 81 Fla. Bar J. 16 (Jan. 2007).

In 1980 Congress expanded the sanctions provision to allow for an award of attorneys' fees, not just costs.[8] Legislative discussion repeatedly notes how lawyers motivated by "strong financial incentives" were abusing discovery and engaging in dilatory practices for their own profit. *See* Antitrust Procedural Act of 1979, S. 390: Hearings Before the Subcomm. On Antitrust and Monopoly of the Comm. on the Judiciary, 96th Cong. at 27–28, 61, 66 (noting "lack of personal economic incentive" to litigate efficiently); Kevin C. Kifer, *Law Firms Are People Too: Law Firm Sanctions Under 28 U.S.C. § 1927 and the Strained Reading of Person*, 61 St. Louis U. L.J. 547, 568 (2017) (explaining that the purpose of § 1927 was to remove incentives for lawyers "to increase the costs of litigation in order to line their own pockets").

Similarly, Legislative history notes that § 1927 requires a "high standard" so as to avoid infringing upon the advocacy of an "attorney *in representing his client*." H.R. Conf. Rep. No. 96-1234, at 8 (1980), reprinted in 1980 U.S.C.A.C.A.N. 2782 ("The high standard which must be met to trigger section 1927 insures that the provision in no way will dampen the legitimate zeal of an attorney *in representing*

---

[8] In 1980, the Supreme Court decided *Roadway Express*, 447 U.S. at 761–62 (1980), which interpreted the word "costs" in § 1927 as not including attorneys' fees.

*his client*.") (emphasis added). This reiterates how § 1927 was intended to be limited to attorneys representing the parties before the sanctioning court.

A focus on counsel of record makes sense, given that the purpose of § 1927 is to punish counsel for excess costs and expenses caused by counsel's own misconduct in handling the case, i.e., to deter bad faith litigation practices and advocacy. *Piljan v. Michigan Dep't of Soc. Servs.*, 585 F. Supp. 1579, 1583 (E.D. Mich. 1984) ("As explained in the legislative history of the current form of § 1927, 1980 U.S. Code Cong. & Ad. News 2716, 2782, this section is designed as a sanction against dilatory litigation practices and is intended to require attorneys to satisfy personally the excess costs attributable to their misconduct. . . . [C]are must be taken in assessing fees under this standard les[t] attorneys be deterred from their duty to 'represent [a] client zealously'.").

Courts that have considered the matter conclude that only counsel of record can be sanctioned under § 1927. *See, e.g.*, *In re Marker*, 133 B.R. 340, 350 (W.D. Pa. 1991) (finding no support for proposition that one who is not counsel of record or a party can be sanctioned under § 1927); *Popa-Verdecia*, 2019 WL 527974, at *1 ("The movants have not provided the Court with a case showing that fees under 28 U.S.C. § 1927 are available against a lawyer who was never counsel of record in the present proceeding. Accordingly, the fees motion . . . is denied."); *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 719 (8th Cir. 1999) (vacating sanctions where target "was not counsel of record when some of the actions that Defendants complain of occurred"); *Cf. Snyder v. ACORD Corp.*, No. 1:14-CV-01736-JLK, 2019 WL 319407, at *10 (D. Colo. Jan. 24, 2019) (noting—in context of sanctioning attorney

who "had an active role in the case prior to" entering an appearance as counsel of record—that "Section 1927 does not require that the attorney multiplying the proceedings be counsel of record to be sanctioned, and it would be improper to incentivize attorneys to delay entering an appearance in order to avoid liability for their unreasonable and vexatious conduct"; i.e., availability of sanctions still turned on counsel eventually entering an appearance as counsel of record). Nothing in the statute's legislative history contemplates the sanctions power extending to someone who signs an affidavit in litigation on behalf of a party who is already represented by counsel of record.

## CONCLUSION

"Sanctions are serious business with serious consequences," given the "negative effective" they have on one's "standing in the legal community." Holderman, *supra,* at 46 (noting the "serious professional and personal ramifications" of sanctions). Section 1927 in particular is being invoked "with increasing frequency," which makes this Court's guidance imperative. *See id.*

Here, Mr. Brumley did not "multiply" the proceedings or engage in any litigation practices, advocacy, or "conduct," nor did he file the motions to dismiss that supposedly vexatiously multiplied the litigation. Mr. Brumley was not acting as counsel in strategizing the case or controlling the litigation; his participation was merely as a party-representative fact witness. He also, of course, happened to be, as a matter of happenstance, a lawyer licensed by the State of New York and admitted to a federal court in New York. That license and federal admission had nothing to do with his involvement as a client representative in this litigation in Montana.

29

For the reasons set forth above, the district court lacked authority to impose sanctions against Mr. Brumley under 28 U.S.C. § 1927. Therefore, this Court should reverse the district court and vacate the orders imposing sanctions against Mr. Brumley.

October 16, 2023     Respectfully submitted,

           MANATT, PHELPS & PHILLIPS, LLP

           By: *s/Benjamin G. Shatz*
            *Attorneys for Appellant*
            Philip Brumley

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)**  | 23-35329 and 23-35330 |

I am the attorney or self-represented party.

**This brief contains** | 6,211 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◉ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated | | .

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/Benjamin G. Shatz | **Date** | 10/16/2023 |
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**           *Rev. 12/01/22*