Nos. 23-35329 and 23-35330

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

TRACY CAEKAERT and CAMILLIA MAPLEY
*Plaintiffs-Appellees, and*

ARIANE ROWLAND and JAMIE SCHULZE
*Plaintiffs-Appellees, v.*

PHILIP BRUMLEY,
*Appellant, and*

WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA,
WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.,
*Defendants.*

On appeals from 28 U.S.C. § 1927 Sanction Orders against non-party District of
Montana Nos. CV-20-52-BLG-SPW and CV-20-59-BLG-SPW
The Honorable Susan P. Watters

---

## APPELLEES' RESPONSE BRIEF

---

Ryan R. Shaffer
430 Ryman Street
Missoula, MT 59802
(406) 543-6929 │ (406) 721-1799

*Attorney for Appellees* Tracy Caekaert, Camillia Mapley,
Ariane Rowland, and Jamie Schulze

**TABLE OF CONTENTS**

JURISDICTIONAL STATEMENT ...........................................................1

STATEMENT OF THE ISSUES...............................................................1

STATEMENT OF THE CASE.................................................................2

SUMMARY OF PLAINTIFFS' ARGUMENT .....................................7

ARGUMENT .............................................................................................8

  1. Pursuant to *Stanley*, this Court lacks jurisdiction to hear Brumley's
     immediate appeal. ..........................................................................9

    a. Jurisdiction over appeals of district court orders sanctioning non-party
       attorneys. .................................................................................9

    b. Brumley's interests are aligned with his client WTPA, and he is
       limited to an appeal of the final decision that has been entered into the
       underlying action. ....................................................................10

  2. Brumley waived his appeal arguments by failing to present it to the
     District Court. ...............................................................................11

    a. Brumley's appeal should be denied because it relies on facts and
       arguments not properly raised with the District Court..................12

    b. No exception to the general waiver rule is applicable. ................14

      i. No exceptional circumstances exist. .......................................15

      ii. No new issues have arisen.......................................................16

      iii. Brumley's appeal relies on unsupported facts, and Plaintiffs will be
        prejudiced if he is permitted to raise them for the first time on appeal. ........16

      iv. No Plain Error .......................................................................18

  3. Brumley's sanctionable conduct was in his role as WTPA's "attorney"
     pursuant to under 28 U.S.C. § 1927. .............................................18

a.  The plain language of 28 U.S.C. § 1927 applies to Brumley because he is an attorney admitted to conduct cases in federal court, and he perpetuated his deceptive statements in that role. ........................................19

b.  Brumley is asking this Court to impermissibly rewrite § 1927. .................20

c.  The legislative history does not evidence a clear indication of contrary intent. ..................................................................................................21

d.  28 U.S.C. § 1927 sanctions have been issued against attorneys not of record. ...............................................................................................23

e.  The cases cited by Brumley are not persuasive. ..........................................26

CONCLUSION .................................................................................................30

# TABLE OF AUTHORITIES

## <u>Cases</u>

*AF Holdings LLC v. Navasca*,
No. C-12-2396 EMC, 2013 WL 5701104 (N.D. Cal. Oct. 16, 2013) ..................27

*Almero v. INS*,
18 F.3d 757 (9th Cir.1994) ....................................................................19

*AMA Multimedia, LLC v. Wanat*,
970 F.3d 1201 (9th Cir. 2020) ............................................... 14, 15, 17

*Anderson v. Cumming*,
827 F.2d 1303 (9th Cir. 1987) ..............................................................14

*Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*,
447 U.S. 102 (1980)..............................................................................21

*Coronado-Durazo v. I.N.S.*,
123 F.3d 1322 (9th Cir. 1997) ...................................................... 19, 21

*Cunningham v. Hamilton County, Ohio*,
527 U.S. 198 (1999)............................................................. 1, 9, 10, 11

*F.T.C. v. Alaska Land Leasing, Inc.*,
799 F.2d 507 (9th Cir. 1986) ................................................................26

*Flores–Arellano*,
5 F.3d 360 (9th Cir.1993) .....................................................................21

*G & G Prods. LLC v. Rusic*,
902 F.3d 940 (9th Cir. 2018) ................................................................16

*In re E.R. Fegert, Inc.*,
887 F.2d 955 (9th Cir. 1989) ................................................................12

*In re Kinney*,
51 B.R. 840 (Bankr. C.D. Cal. 1985) ...................................................24

*In re Marker*,
133 B.R. 340 (Bankr. W.D. Pa. 1991)...................................................28

*In re Mercury Interactive Corp. Securities Litigation*,
    618 F.3d 988 (9th Cir. 2010) .................................................................12

*Infuturia Glob. Ltd. v. Sequus Pharm., Inc.*,
    631 F.3d 1133 (9th Cir. 2011) .............................................................19

*Kaass L. v. Wells Fargo Bank, N.A.*,
    799 F.3d 1290 (9th Cir. 2015) ..................................... 8, 14, 16, 17, 26

*Kirshner v. Uniden Crop. Of America*,
    842 F.2d 1074 (9th Cir. 1988) .............................................................14

*Lamie v. U.S. Tr.*,
    540 U.S. 526 (2004).................................................................... 20, 21

*Lee v. L.B. Sales, Inc.*,
    177 F.3d 714 (8th Cir. 1999) .............................................................28

*Leventhal v. New Valley Corp.*,
    148 F.R.D. 109 (S.D.N.Y. 1993) .......................................................29

*Lowery v. County of Riley*,
    738 F. Supp. 2nd 1159 (D. Kan. 2010).................................................27

*Manez v. Bridgestone Firestone*,
    533 F.3d 578 (7th Cir. 2008) ......................................................... 27, 28

*Matta v. May*,
    118 F.3d 410 (5th Cir. 1997) .............................................................29

*Miranda v. Anchondo*,
    684 F.3d 844 (9th Cir. 2012) ...............................................................8

*One Industries, LLC v. Jim O'Neal Distribg., Inc.*,
    578 F.3d 1154 (9th Cir. 2009) ..............................................................7

*Popa-Verdecia v. Marco Trucking, Inc.*,
    No. 8:18-CV-1869-T-02AEP, 2019 WL 527974, at *1 (M.D. Fla.
    Feb. 11, 2019) .................................................................................30

*Raich v. Gonzales*,
    500 F.3d 850 (9th Cir. 2007) .............................................................14

iv

*Rookaird v. BNSF Ry. Co.*,
  908 F.3d 451 (9th Cir. 2018) ................................................................20

*Scott v. Dalkon Shield Claimants' Trust,*
  No. CIV.A. 85-1718, 1994 WL 321212 (E.D. La. June 23, 1994) ....................24

*Snyder v. ACORD Corporation*,
  No. 1:14-CV-01736-JLK, 2019 WL 319407, at * 10 (D. Colo. Jan. 24, 2019),
  *aff'd*, 811 Fed. Appx. 447 (10th Cir. 2020) (unpublished) .................................25

Stanley v. Woodford,
  449 F.3d 1060 (9th Cir. 2006) ................................................ 1, 7, 9, 11

*Swofford v. Eslinger*,
  671 F. Supp. 2nd 1274 (M.D. Fla. 2009)............................................25

*U.S. v. Turkette*,
  452 U.S. 576 (1981)................................................................................21

*United States v. Echavarria–Escobar*,
  270 F.3d 1265 (9th Cir. 2001) ..............................................................14

*United States v. Juvenile Male*,
  595 F.3d 885 (9th Cir.2010) .................................................................19

## Statutes

8 U.S.C. § 1229(a)(1)...............................................................................22

11 U.S.C. § 330(a)(1)...............................................................................20

28 U.S.C. § 144 ........................................................................................22

28 U.S.C. § 1291 .................................................................................9, 11

28 U.S.C. § 1332(a) ...................................................................................1

28 U.S.C. § 1927 .... 1, 5, 6, 7, 8, 9, 11, 12, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26,
                      27, 28, 29, 30, 31

49 U.S.C. § 502(e)(3)...............................................................................22

49 U.S.C. § 13301(d)(4) ..........................................................................22

49 U.S.C. § 20109(a)(2)............................................................21

**Other Authorities**

125 Cong. Rec. S1343 (Feb. 8, 1979)........................................23

126 Cong. Rec. H 8046—49 (daily ed. August 28, 1980)......................22

H.R. Conf. Rep. 96-1234 ...................................................22

**Rules**

Fed.R.Civ.P. 11 ........................................................4, 29

Fed.R.Civ.P. 12(b)(2)......................................................2

## JURISDICTIONAL STATEMENT

Appellees-Plaintiffs ("Plaintiffs") agree with Appellant ("Brumley") that the district court has diversity jurisdiction of the underlying case under 28 U.S.C. § 1332(a). Plaintiffs disagree that Brumley has appealed a final and appealable order providing for jurisdiction of his appeal pursuant to *Stanley v. Woodford*, 449 F.3d 1060 (9th Cir. 2006) and *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198 (1999)

## STATEMENT OF THE ISSUES

1. Does this Court have jurisdiction to decide an immediate appeal of 28 U.S.C. § 1927 sanctions issued against a party's general counsel who, in that role, made materially misleading statements to the district court that needlessly multiplied the proceedings by seventeen (17) months?

2. Did Brumley waive his only argument on appeal by failing to raise it with the district court?

3. If appellate jurisdiction exists and Brumley did not waive his only argument on appeal, is an attorney who perpetuates materially misleading statements to a district court in his role as general counsel, an "attorney" under 28 U.S.C. § 1927?

1

## STATEMENT OF THE CASE

During the 1970s and 80s, when Plaintiffs were young girls, they were repeatedly sexually molested by Jehovah's Witnesses officials in Hardin, Montana. Plaintiffs' complaints alleged that two of the Jehovah's Witnesses' corporations, Watch Tower Bible and Tract Society of Pennsylvania ("WTPA") and Watchtower Bible and Tract Society of New York, Inc. ("WTNY"), worked in concert to promulgate and enforce policies that facilitated the sexual abuse by keeping it secret and protecting the perpetrators.

Instead of answering Plaintiffs' Complaint, WTPA filed a Motion to Dismiss Pursuant to Rule 12(b)(2), Fed.R.Civ.P. ("WTPA's Motion to Dismiss"), arguing that it conducted no activities giving rise to personal jurisdiction in the United States District Court of Montana ("District Court"). 1-SER-2–45. WTPA's Motion to Dismiss was supported by a single affidavit signed by its general counsel, Brumley. 2-ER-275–82. The first sentence in Brumley's affidavit stated that he is General Counsel for WTPA. *Id*. The second sentence in Brumley's affidavit stated that it was "[i]n this role" that he had direct knowledge of the information in his affidavit. *Id*. Brumley then signed his affidavit as "Philip Brumley, Esq." *Id*. The contents of Brumley's affidavit attempted to convince the District Court that WTPA conducted no activities giving rise to personal jurisdiction in the Federal District of Montana. *Id*.

2

Unbeknownst to Brumley, Plaintiffs' counsel had obtained documents created by WTPA/WTNY indicating that his representations to the District Court were untrue. 2-ER-241–74. Plaintiffs submitted those documents to the District Court and requested permission to conduct discovery into the veracity of Brumley's sworn representations about WTPA. 1-SER-61–63; 1-SER-80–82.

WTPA opposed Plaintiffs' request and implored the District Court to accept Brumley's statements as true. 1-SER-96–97; 1-SER-113–14. In support of WTPA's position, Brumley executed a second affidavit, again as "General Counsel" for WTPA. 2-ER-235–40. Brumley's second affidavit asked the Court to ignore the documents submitted by Plaintiffs that contradicted his first affidavit. *Id.* Like the first affidavit, Brumley's second affidavit stated that his knowledge of the information in the affidavit was obtained in his role as General Counsel and he signed it as "Philip Brumley, Esq." *Id.*

Plaintiffs' counsel then obtained and submitted more documents showing that Brumley's first affidavit materially misrepresented his client's activities to the District Court. 2-ER-205–34. Plaintiffs accordingly sought to supplement the record with the same. 1-SER-118–24. WTPA opposed this request. 1-SER-125–39.

The District Court agreed that Brumley's representations about WTPA's activities were questionable and granted Plaintiffs' request to conduct jurisdictional

discovery. 1-ER-141–55. Jurisdictional discovery dragged on for 17 months because of discovery disputes necessitating multiple motions to compel. *See generally* 1-SER-156–2-SER-291. The District Court granted Plaintiffs' motions to compel against WTPA and WTNY, noting that their answers to written discovery were "vague to the point of non-responsive" and awarded Plaintiffs their costs and fees because "a significant number of [Defendants' objections] were not substantially justified." 1-SER-265, 272 2-SER-284, 290.

Plaintiffs eventually obtained indisputable documentation that Brumley's representations to the District Court—which were made for the purpose of getting his client dismissed from the case—were highly misleading and intended to convince the District Court of things that were not true. *See* 2-SER-292–12-SER-2782. Accordingly, Plaintiffs' counsel sent WTPA a letter in August of 2021 identifying documents and information contradicting Brumley's representations to the District Court and requesting that the Motion to Dismiss be withdrawn before more time and effort was wasted. 2-ER-193–98. WTPA refused to withdraw its motion, and Plaintiffs' lawyers spent hundreds of hours over the next several months marshaling all the evidence contradicting Brumley's misrepresentations. *See Id.*; *see also* 3-ER-352–552. In October of 2021, Plaintiffs' counsel served a draft Rule 11 Motion and again asked WTPA to withdraw its Motion to Dismiss. 2-ER-176–92; 12-SER-2795; 12-SER-2869. WTPA refused to do so, and

4

Plaintiffs' counsel expended additional time briefing the personal jurisdiction matter. *See* 3-ER-352–555. Then, just days before Plaintiffs' briefing was due - and after 17 months of vexatious litigation caused by Brumley's misrepresentations to the District Court - WTPA withdrew its Motion to Dismiss. 2-ER-199–201.

In summation:

➢ In his role as WTPA's General Counsel, Brumley drafted, reviewed, and executed a misleading affidavit for the purpose of getting his client WTPA dismissed from the District Court case;

➢ When confronted with evidence contradicting his representations, Brumley filed a second affidavit in his role as General Counsel attempting to explain away the misrepresentations in his first affidavit;

➢ Brumley's material misrepresentations caused 17 months of vexatious and frivolous litigation.

Based on the above dilatory conduct, *inter alia*, Plaintiffs moved for sanctions against Brumley. 12-SER-2783–13-SER-2937. In opposing Plaintiffs' request for sanctions under 28 U.S.C. § 1927, Brumley's only argument was that his conduct did not rise to a level warranting sanctions because he "never said anything untrue." 13-SER-2948–52; 13-SER-2977–81. Brumley then requested a hearing on Plaintiffs' Motion for Sanctions. 13-SER-2997–3002. At no point in

Brumley's 21-page brief, or during the hearing that he requested, did he submit evidence or argue that he was not acting as an attorney for WTPA, that he merely signed affidavits drafted by other WTPA attorneys, or that he was not an "attorney" as that term is understood under 28 U.S.C. § 1927. 2-ER-107–25; 13-SER-2938–96.

After considering Brumley's arguments and the record before it, the District Court concluded that Brumley acted with "at minimum, a reckless disregard for providing an accurate and truthful accounting of WTPA's role" and ordered his conduct sanctionable under 28 U.S.C. § 1927. 1-ER-58; 1-ER-73. The District Court then ordered submissions on the amount of monetary sanctions to be paid. 1-ER-60; 1-ER-74–75. It was here, for the first time, that Brumley argued he was not an "attorney" who could be sanctioned under 28 U.S.C. § 1927. 3-ER-309–14; 3-ER-343–48. However, the District Court properly noted that Brumley failed to raise this argument in response to Plaintiffs' Motion for Sanctions and he was not permitted to raise it when arguing about the amount of sanctions to be paid. 1-ER-21; 1-ER-43–44. Brumley now asks this Court to conclude that he is not an "attorney" subject to sanctions under 28 U.S.C. § 1927. Appellant's Opening Br., DktEntry No. 18 (hereinafter "Brumley's Brief").

///

///

## SUMMARY OF PLAINTIFFS' ARGUMENT

This Court has held that an order sanctioning an attorney under 28 U.S.C. § 1927 is not immediately appealable. *Stanley*, 449 F.3d at 1065. Brumley, acting as WTPA's attorney in his role as General Counsel, was sanctioned under 28 U.S.C. § 1927 because he submitted misleading statements to the District Court in a dishonest effort to get his client dismissed from a lawsuit. The fact that Brumley was not an attorney of record does not nullify the fact that he was WTPA's attorney and was sanctioned for engaging in dishonest conduct while acting in that role and in furtherance of his client's interests. *Stanely* governs, and Brumley is not entitled to an interlocutory appeal.

Interlocutory or not, Brumley's appeal should be dismissed with prejudice under the well-established rule that a party may not raise an issue on appeal that was not presented to the District Court. *E.g.*, *One Industries, LLC v. Jim O'Neal Distribg., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009). On appeal, Brumley argues for the first time that he was merely a third-party witness - akin to a disinterested third-party witness to an automobile accident - who merely signed affidavits "prepared with the assistance and advice of WTPA's counsel . . ." Brumley's Brief at 8. However, Brumley made no such showing or argument to the District Court when she was determining whether he should be sanctioned under Section 1927. As a result, there was no factual record made at the District Court as to the level of

Brumley's involvement in the preparation of his dishonest affidavits. To be sure, had Brumley attempted to shift blame for his dishonest affidavits to WTPA's other attorneys, the District Court could have also sanctioned those attorneys. But Brumley did not make such a factual record below, he did not raise the argument that he was not acting as an "attorney" under 28 U.S.C. § 1927 below, and he is not now entitled to raise that argument on appeal.

Finally, if the Court concludes it has jurisdiction and that Brumley did not waive his appellate argument, 28 U.S.C. § 1927 authorizes sanctions against <u>any</u> attorney or person otherwise admitted to conduct cases in a United States court who unreasonably and vexatiously multiplies the proceedings. This authorization includes sanctioning attorneys like Brumley, who vexatiously multiplied the proceedings below by perpetuating materially misleading testimony to a United States District Court in a sworn affidavit that, by its very terms, was in his role as WTPA's General Counsel.

## **ARGUMENT**

This Court "review[s] all aspects of an award of § 1927 sanctions for an abuse of discretion." *Kaass L. v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1292 (9th Cir. 2015) (citing cases). "The construction or interpretation of 28 U.S.C. § 1927 is a question of law, and is reviewed de novo." *Id.* (citing *Miranda v. Anchondo*, 684 F.3d 844, 849 (9th Cir. 2012)).

1. **Pursuant to *Stanley*, this Court lacks jurisdiction to hear Brumley's immediate appeal.**

Plaintiffs sought dismissal of Brumley's appeal for lack of jurisdiction pursuant to *Stanley*. Pls.' Mot. to Dismiss, DktEntry No. 4-1. Plaintiffs' Motion was denied without prejudice to renew the arguments in this Brief. Order, DktEntry No. 14. Plaintiffs now renew their jurisdictional argument and seek review by the merits panel.

a. **Jurisdiction over appeals of district court orders sanctioning non-party attorneys.**

"Section 1291 of the Judicial Code generally vests courts of appeals with jurisdiction over appeals from 'final decisions' of the district courts." *Cunningham*, 527 U.S. at 203. While a "small category" of collateral district court orders may be considered a "final decision" for purposes of appellate jurisdiction under 28 U.S.C. § 1291, the *Cunningham* court concluded that an order sanctioning a non-party attorney was not such an order. *Id*. at 205. The *Cunnigham* court reasoned that it did not think "appellate review of a sanctions order can remain completely separate from the merits" of the underlying action. *Id*. After *Cunningham*, this Court concluded that the same reasoning applied to an order sanctioning a non-party attorney under 28 U.S.C. § 1927. *Stanely*, 449 F.3d at 1065.

9

**b. Brumley's interests are aligned with his client WTPA, and he is limited to an appeal of the final decision that has been entered into the underlying action.**

Brumley has been WTPA's General Counsel for 35 years. WTPA's Resp. to Plfs.' Interrog. No. 4, DktEntry No. 4-2. Brumley was sanctioned for drafting, executing, and perpetuating a misleading affidavit to the District Court in an effort to further his client's interest. 1-ER-58; 1-ER-73. As noted in *Cunningham*, the "identity of interests between the attorney and client" means that attorneys, like Brumley, are not treated like other nonparties for the purposes of appellate jurisdiction when they are sanctioned for dilatory conduct. 527 U.S. at 206–07. Rather, it is the unity of interests between attorneys and their clients that led the Supreme Court to conclude that attorneys sanctioned for misconduct are not entitled to immediate appellate review. *Id.*

Here, Brumley is not a disinterested third-party witness who just happened to be untruthful. Brumley chose to insert himself into the case by submitting statements to the District Court about his client's jurisdictional activities that were, "at minimum, a reckless disregard for providing an accurate and truthful accounting of WTPA's role." 1-ER-58; 1-ER-73. He did so in lockstep with his client, WTPA, to deceive the District Court about WTPA's jurisdictional activities.

The fact that Brumley's conduct on behalf of WTPA was limited to perpetuating materially misleading statements early in the case does not change the

analysis under *Stanley*.   "[A]n attorney's continued participation in a case does not affect whether a sanctions order is 'final' for purposes of § 1291" because "the efficiency interests served by limiting immediate appeals far outweigh any nominal monitoring costs borne by attorneys." *Stanley*, 449 F.3d at 1063 (quoting *Cunningham*, 527 U.S. at 209).   Indeed, "[a]n attorney sanctioned for causing delay or costs to other litigants from inappropriate filings 'by and large suffers no inordinate injury from a deferral of appellate consideration of the sanction.'" *Id.* (quoting *Cunningham*, 527 U.S. at 208).   For all these reasons, this Court lacks jurisdiction to decide Brumley's appeal.

### 2. Brumley waived his appeal arguments by failing to present it to the District Court.

Regardless of how the Court decides the jurisdictional question, Brumley's appeal should be rejected because he failed to raise and preserve his argument at the District Court.   In opposing Plaintiffs' Motion to sanction him under 28 U.S.C. § 1927, Brumley only argued that his conduct was not sanctionable. 2-ER-107–25; 13-SER-2948–52; 13-SER-2977–81.   He did not present an argument to the District Court that he was not acting as an "attorney" as that term is used under 28 U.S.C. § 1927.[1]   *Id.*

---

[1] After failing to make this argument in opposition to Plaintiffs' Motion for Sanctions, Brumley attempted to sneak it into his objection to the amount of costs and fees sought by Plaintiffs' counsel.  3-ER-309–14; 3-ER-343–48.  However, by

### a. Brumley's appeal should be denied because it relies on facts and arguments not properly raised with the District Court.

The Ninth Circuit applies a "general rule against entertaining arguments on appeal that were not presented or developed before the district court." *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988, 992 (9th Cir. 2010). While not a bright-line rule, "an issue will generally be deemed waived on appeal if the argument was not 'raised sufficiently for the trial court to rule on it.'" *Id*. "A workable standard, however, is that the argument must be raised sufficiently for the trial court to rule on it." *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989).

Brumley's appeal asks this Court to believe that he did nothing more than sign affidavits that other WTPA lawyers drafted, and therefore he was not acting as an "attorney" when he perpetuated his misleading affidavits. Brumley's Brief at 8, 16–17. Thus, as Brumley would have it on appeal, it was WTPA's other lawyers who were acting as WTPA's "attorneys" for the purposes of sanctionable conduct under 28 U.S.C. § 1927. However, Brumley failed to sufficiently raise this issue

---

prior order, at that point in the proceedings the only issue to be decided was the amount of the sanctions, and Plaintiffs were not permitted to respond to Brumley's untimely argument. 1-ER-60; 1-ER-74–75. As a result, the District Court found Brumley had not timely raised, and thus waived, his new argument. 1-ER-21; 1-ER-43–44.

below, and Plaintiffs never had a chance to investigate such a proposition. 1-ER-21; 1-ER-43–44.

At no point in Brumley's 21-page brief – or during the hearing that he requested – did he argue that he should not be sanctioned because it was really WTPA's other attorneys who should be sanctioned for the misrepresentations submitted to the District Court. 2-ER-107–25; 13-SER-2948–52; 13-SER-2977–81. Had Brumley done so, Plaintiffs and/or the District Court could have investigated the involvement of WTPA's various lawyers in drafting the misleading affidavits: depositions could have been taken; communications otherwise subject to attorney-client privilege could have been evaluated; the truth about which WTPA attorneys drafted the materially misleading parts of Brumley's affidavits would have been exposed; and the District Court could have made factual findings. This, in turn, could have led to other WTPA attorneys being sanctioned for the dishonest affidavits that caused 17 months of vexatious litigation. But, as it is, Brumley failed to make any record on this critical factual issue that he now attempts to litigate for the first time on appeal.

By attempting to appeal with factual assertions he failed to raise below, Brumley is attempting to deprive Plaintiffs the opportunity to investigate his appellate defense. This is not permitted. It is a fundamental rule that Brumley cannot create and rely on new facts on appeal. *Kirshner v. Uniden Crop. Of*

13

*America*, 842 F.2d 1074, 1077-78 (9th Cir. 1988). It is Brumley, not Plaintiffs, who are to be burdened by a failure to properly raise and litigate factual matters with the District Court. *Anderson v. Cumming*, 827 F.2d 1303, 1305 (9th Cir. 1987) (the appellant bears the "burden of a factual record that is incomplete on the issues [he] raises."). Thus, Brumley's appeal should be rejected for what it is: an impermissible, last-minute attempt to defend himself with factual assertions he failed to raise below and therefore waived.

### b.  No exception to the general waiver rule is applicable.

This Court can exercise discretion to reach waived issues when: (1) there are exceptional circumstances why the issue was not raised in the trial court; (2) new issues have become relevant while the appeal was pending because of [a] change in the law; (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court; or (4) plain error has occurred and injustice might otherwise result." *Kaass*, 799 F.3d at 1293 (quoting *United States v. Echavarria–Escobar*, 270 F.3d 1265, 1267–68 (9th Cir. 2001)). "Even if a case falls within one of these exceptions, we must 'still decide whether the particular circumstances of the case overcome [the] presumption against hearing new arguments.'" *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1213–14 (9th Cir. 2020) (quoting *Raich v. Gonzales*, 500 F.3d 850, 868 (9th Cir. 2007)).

14

None of the recognized exceptions to the waiver rule apply here, and the circumstances of this case warrant the application of the waiver rule. Brumley is an attorney who made intentionally misleading statements to the District Court for the purpose of convincing her to dismiss his client from the case. Brumley did so in his role as General Counsel for WTPA, hoping that his status as an attorney would lend credibility to his sworn statements. Brumley was perpetuating fraud on the District Court by attempting to obtain an outcome for his client that was not justified by fact or law. Brumley's dishonest conduct resulted in 17 months of vexatious litigation. Now, on appeal, Brumley attempts to create and rely on new facts, arguing that it was actually WTPA's other lawyers that are responsible for his dishonest affidavits. If this was true, Brumley had a clear obligation to raise such facts and arguments with the District Court. He failed to do so. The audacity of Brumley's dishonest conduct below, combined with his effort to blame others for it on appeal, must be rejected by this Court.

### i. No exceptional circumstances exist.

Brumley's Brief does not attempt to explain why he failed to timely and sufficiently raise his entire appeal argument at the District Court, let alone argue exceptional circumstances exist. "'A party's unexplained failure to raise an argument that was indisputably available below is perhaps the least "exceptional" circumstance warranting our exercise of this discretion.'" *AMA Multimedia*, 970

F.3d at 1214–15 (9th Cir. 2020) (quoting *G & G Prods. LLC v. Rusic*, 902 F.3d 940, 950 (9th Cir. 2018)).  Here, Brumley submitted a 21-page brief to the District Court arguing why he should not be sanctioned under 28 U.S.C. § 1927 and was granted a hearing on the matter.  2-ER-107–25; 13-SER-2948–52; 13-SER-2977–81.  Despite two opportunities to make his argument below, he has not identified any exceptional circumstances that could justify such failure because none exist.

### ii.  No new issues have arisen.

Brumley's appeal does not identify any new issues that have arisen since his appeal was filed.  Moreover, there has been no change in the law warranting an exception to the waiver rule: 28 U.S.C. § 1927 was last amended in 1980 and every case cited by Brumley's appeal was decided before the briefing submitted to the District Court.

### iii.  Brumley's appeal relies on unsupported facts, and Plaintiffs will be prejudiced if he is permitted to raise them for the first time on appeal.

Brumley's appeal relies on factual assertions about the degree of his involvement in drafting his dishonest affidavit that were not raised with the District Court.  As a result, his appeal is not "purely one of law." *Kaass*, 799 F.3d at 1293.  Moreover, because Brumley's new facts attempt to shift his culpability to other WTPA attorneys who were not sanctioned by the District Court, accepting Brumley's new argument would leave Plaintiffs without a remedy for the injuries

caused by the sanctionable conduct. This would prejudice Plaintiffs' ability to obtain a remedy under 28 U.S.C. § 1927 for the harm caused by Brumley's dishonest affidavits.

Brumley's defense on appeal depends on his assertion—without any support in the record—that all he did was sign two affidavits prepared by other WTPA attorneys, and therefore he was thus not acting as an "attorney" who can be sanctioned under 28 U.S.C. § 1927. But Brumley failed to raise this factual wrinkle below and he cannot do so now to escape responsibility for his sanctionable conduct. *AMA Multimedia*, 970 F.3d at 1215 ("And we decline to consider new arguments that AMA raises for the first time in response to our order for supplemental briefing, and **which implicate facts not in the record**." (emphasis added)).

In *Kaass*, the sanctioned party was a law firm, who argued for the first time on appeal that it was not an "attorney" under 28 U.S.C. § 1927. 799 F.3d at 1292–93. Despite the issue not being raised below, this Court permitted the argument to go forward on appeal noting that "[t]here is nothing in the record to suggest that Wells Fargo would 'have presented new evidence or made new arguments' if the issue had been raised below." *Id.* at 1293. That is definitively not the case here. If Brumley had argued to the District Court that he was merely signing materially misleading statements that were drafted by WTPA's other attorneys, Plaintiffs

17

would have: (a) deposed Brumley; (b) deposed all WTPA counsel who apparently participated in drafting the misleading statements; and (c) subpoenaed all documents evidencing the scheme. Plaintiffs would have then presented the results of their factual investigation to the District Court, made new arguments about who should be sanctioned based on the same, and sought further or different relief as appropriate. Brumley cannot be permitted to reap the benefit of his failure to timely raise his only appellate argument with the District Court. Accordingly, this Court should apply the waiver rule and reject Brumley's appeal with prejudice.

### iv. No Plain Error

Brumley's appeal does not claim the District Court committed plain error, and this exception to the waiver rule therefore cannot apply.

### 3. Brumley's sanctionable conduct was in his role as WTPA's "attorney" pursuant to under 28 U.S.C. § 1927.

If this Court reaches the merits of Brumley's appellate argument, it should still be rejected with prejudice. As an initial matter, Brumley does not dispute or appeal the District Court's fundamental conclusion that his deceptive affidavits "demonstrate, at a minimum, a reckless disregard for providing an accurate and truthful accounting of WTPA's role." 1-ER-58; 1-ER-73. Nor does he dispute that his actions "multiplied the proceedings for 17 months through jurisdictional discovery and motions to compel." *Id*. Nor does he dispute the amount of monetary sanctions issued. His only argument on appeal is that he is not subject to

18

§ 1927 because he was not acting as an "attorney." As set forth below, this argument ignores the plain language of 28 U.S.C. § 1927 and substantial case law in which 28 U.S.C. § 1927 sanctions were issued against attorneys for conduct when they were not counsel of record.

> **a. The plain language of 28 U.S.C. § 1927 applies to Brumley because he is an attorney admitted to conduct cases in federal court, and he perpetuated his deceptive statements in that role.**

"When interpreting the meaning of this statute, we 'look first to its plain language.'" *Infuturia Glob. Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1137 (9th Cir. 2011) (quoting *United States v. Juvenile Male*, 595 F.3d 885, 898 (9th Cir.2010)). "'Where the plain meaning of a provision is unambiguous that meaning is controlling, except in the "rare case [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of the drafters."'" *Coronado-Durazo v. I.N.S.*, 123 F.3d 1322, 1324 (9th Cir. 1997) (quoting *Almero v. INS*, 18 F.3d 757, 760 (9th Cir.1994)).

§ 1927 begins with "<u>Any</u> attorney or other person admitted to conduct cases in any court of the United States or any Territory who so multiplies the proceedings in <u>any</u> case[.]" (emphasis added). There is nothing ambiguous or confusing about this clause: if a person is either an attorney or otherwise admitted to conduct cases in any court of the United States, then they can be sanctioned under 28 U.S.C. § 1927 in any case in which they vexatiously multiply the

proceedings. Here, Brumley does not contest that he is both an attorney and admitted to conduct cases in a court of the United States, the United States Supreme Court. 2-ER-81–82; Decl. of Philip Brumley at ¶ 8, DktEntry No. 9. It is also undisputed that he vexatiously multiplied the proceedings below. 1-ER-58; 1-ER-73. The statute, by its plain language, applies to Brumley.

### b. Brumley is asking this Court to impermissibly rewrite § 1927.

Brumley couches his request that this Court find he is not an "attorney" under 28 U.S.C. § 1927 as one of strictly and narrowly interpreting the statute. Brumley's Brief at 24. But what Brumley is really asking is for this Court to rewrite 28 U.S.C. § 1927 altogether. For instance, Brumley effectively asks this Court to replace the phrases "any attorney" who "multiplies the proceedings in any case" with "attorneys of record" who "multiply the proceedings in cases where they appear." Thus, as Brumley would have it, this Court should ignore the statute's language, and adopt language that would permit him to submit false and misleading affidavits as an attorney for WTPA in all future cases. Brumley's effort to rewrite 28 U.S.C. § 1927 to suit his personal agenda should be rejected.

Courts frequently reject parties' requests to reword unambiguous statutory language. *E.g.*, *Lamie v. U.S. Tr.*, 540 U.S. 526, 538 (2004) (refusing to read "attorney" to refer to "debtors' attorneys" in 11 U.S.C. § 330(a)(1)); *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 457 (9th Cir. 2018) (refusing to add the word

"actually" before the word "violate" in 49 U.S.C. § 20109(a)(2)). To be sure, "There is a basic difference between filling a gap left by Congress' silence and rewriting rules that Congress has affirmatively and specifically enacted." *Lamie v. U.S. Tr.*, 540 U.S. 526, 538 (2004). Brumley's interpretation of the unambiguous language in 28 U.S.C. § 1927 requires this Court to rewrite the law and should be rejected.

> ### c. The legislative history does not evidence a clear indication of contrary intent.

"'Under the established approach to statutory interpretation, we rely on plain language in the first instance, but always look to legislative history in order to determine whether there is a clear indication of contrary intent.'" *Coronado-Durazo v. I.N.S.*, 123 F.3d 1322, 1325 (9th Cir. 1997) (quoting *Flores–Arellano*, 5 F.3d 360, 363 (9th Cir.1993) (Reinhardt, J., specially concurring)). "If the statutory language is unambiguous, in the absence of 'a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.'" *U.S. v. Turkette*, 452 U.S. 576, 580 (1981) (quoting *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980)).

Contrary to Brumley's argument, there is no legislative history of 28 U.S.C. § 1927 evidencing a "clearly expressed legislative intent" for sanctions to only apply to attorneys of record. *Id.* Brumley's citation to the Committee of Conference of the House of Representatives is certainly not evidence of a "clearly

expressed legislative intent" to limit application of 28 U.S.C. § 1927 to a certain subset of attorneys. The Committee was not addressing whether the statute should only apply to a subset of attorneys. Rather, it was addressing an amendment from the Senate that would have altered the "unreasonably and vexatiously" standard for sanctionable conduct. 126 Cong. Rec. H 8046—49, at 12 (daily ed. August 28, 1980) ("The House conferees were unable to accept the Senate provision, as passed, for several reasons. First, it would have lowered the standard of dilatory conduct necessary to make out a violation and would have done so to such an extent that, in our opinion, the legitimate zeal of attorneys representing their clients would have been chilled."). There is nothing in the legislative history to indicate Congress even considered limiting 28 U.S.C. § 1927's application to only a subset of attorneys who have appeared in a case, let alone intended to do as much. [2]

The legislative history for the most recent amendment to 28 U.S.C. § 1927, which expressly added that attorneys' fees caused by an attorney's dilatory tactics are recoverable, indicates that Congress wanted courts to issue more 28 U.S.C. § 1927 sanctions, not less. H.R. Conf. Rep. 96-1234, at 9 ("The managers are of the opinion that litigation can be expedited if courts give greater attention to the

---

[2] Had Congress wanted 28 U.S.C. § 1927 to only apply to a subset of "attorneys" it was perfectly capable of writing "attorney of record" or "counsel of record" into the statute. *E.g.*, 49 U.S.C. § 13301(d)(4); 49 U.S.C. § 502(e)(3); 28 U.S.C. § 144; 8 U.S.C. § 1229(a)(1).

availability of section 1927, as amended."). In this light, applying 28 U.S.C. §

1927 to attorneys like Brumley - who perpetuate dishonest statements to federal

courts that substantially delay litigation - is consistent with Congress's intent. *Id.*;

125 Cong. Rec. S1343, 1344 (Feb. 8, 1979) (bill's sponsor stating "the bill

encourages counsel to focus on the legitimate issues in the lawsuits and to avoid

strategic ploys that do not move the case nearer disposition.").

In the end analysis, there is nothing in the legislative history showing a

clearly expressed legislative intent for 28 U.S.C. § 1927 sanctions to apply only to

attorneys of record. [3] This Court should not adopt Brumley's argument, which

seeks an application of 28 U.S.C. § 1927 that is contrary to the plain language and

contrary to the legislative intent.

### d. 28 U.S.C. § 1927 sanctions have been issued against attorneys not of record.

Brumley criticizes both the District Court and Plaintiffs for not identifying a

case in which an attorney not of record was sanctioned under § 1927. Brumley's

Brief at 8. But Brumley apparently forgets there was no reason to do so because he

failed to raise this argument below. Had he done so, Plaintiffs would have

identified the following cases:

---

[3] Brumley's reliance on law review articles to support his legislative history argument are not persuasive. None of the articles can be cited as authority for the proposition that Congress "clearly expressed legislative intent" for sanctions under 28 U.S.C. § 1927 to only apply to attorneys of record.

➢ In *In re Kinney*, an attorney, Ms. Coleman, was sanctioned under 28 U.S.C.

§ 1927 for her conduct in at least one case in which she never appeared. 51

B.R. 840, 847 (Bankr. C.D. Cal. 1985). Ms. Coleman "though not attorney

of record, was paid to, and did, prepare the [bankruptcy] petition." *Id.* at

844. The court found that "although Ms. Coleman was not the attorney of

record at the time of the filing of Kinney # 9, her advice and participation in

bringing about the filing makes her liable for sanctions under § 1927." *Id.* at

847. Like the attorney in *In re Kinney*, it was Brumley's sanctionable

conduct that brought about the filing that vexatiously multiplied the

proceedings below.

➢ In *Scott v. Dalkon Shield Claimants' Trust,* an attorney, Mr. Pretl, who

never appeared and was not even licensed to practice in the jurisdiction, was

sanctioned under 28 U.S.C. § 1927 for his role in delaying the case. No.

CIV.A. 85-1718, 1994 WL 321212 (E.D. La. June 23, 1994). Mr. Pretl

agreed to find expert witnesses for Plaintiffs and participated in Plaintiffs'

depositions. *Id.* at *1. However, on the eve of expert witness disclosure,

Mr. Pretl abandoned the case, and the court subsequently continued the

pretrial deadlines due to Mr. Pretl's manipulation of Plaintiffs and their

counsel of record. *Id.* at *2. Mr. Pretl argued that 28 U.S.C. § 1927 could

not be applied to counsel not of record, but the court disagreed "Section

1927 refers to attorneys, not to parties, and does not indicate that an attorney not enrolled for a party is to be treated with greater lenience than an attorney of record." *Id.* at *1.

➢ In *Snyder v. ACORD Corporation*, an attorney was sanctioned under 28 U.S.C. § 1927 for his conduct well before he entered an appearance in the case. No. 1:14-CV-01736-JLK, 2019 WL 319407, at *10 (D. Colo. Jan. 24, 2019), *aff'd*, 811 Fed. Appx. 447 (10th Cir. 2020) (unpublished). The court found "Section 1927 does not require that the attorney multiplying the proceedings be counsel of record to be sanctioned, and it would be improper to incentivize attorneys to delay entering an appearance in order to avoid liability for their unreasonable and vexatious conduct." *Id.*

➢ In *Swofford v. Eslinger*, the Defendants' employer's general counsel, Mr. Lane, was sanctioned under 28 U.S.C. § 1927 for his role in spoliating evidence despite never appearing in the case. 671 F. Supp. 2d 1274 (M.D. Fla. 2009). The court found Mr. Lane was responsible for responding to pre-litigation preservation letters and failed to do so appropriately, resulting in spoliated evidence, and accordingly sanctioned him as "any attorney" under 28 U.S.C. § 1927. *Id.* at 1283, 1287–88. At the same time, the court declined to sanction outside litigation counsel because there was no evidence they participated in the spoliation. *Id.* at 1288, n. 10.

As illustrated above, this Court would certainly not be alone in concluding that 28 U.S.C. § 1927 applies to attorneys like Brumley, who are not of record, but still manage to engage in sanctionable conduct that vexatiously multiplied proceedings before a United States district court.

### e. The cases cited by Brumley are not persuasive.

None of the cases cited by Brumley are persuasive. Many of them involve materially distinguishable factual situations, i.e., they do not involve a party's general counsel who tried to deceive the court into dismissing their client. For example:

> In *Kaass Law v. Wells Fargo Bank*, this Court ruled that law firms are not sanctionable under 28 U.S.C. § 1927 because they are not "any attorney" nor are law firms "admitted to conduct cases" in federal courts. 799 F.3d at 1293. Brumley is not a law firm, he is an attorney and he is admitted to conduct cases in federal court; *Kaass* has no application here.

> In *F.T.C. v. Alaska Land Leasing, Inc.*, this Court ruled that a financial consultant could not be sanctioned under 28 U.S.C. § 1927 because he was neither an attorney nor admitted to conduct cases in any court. 799 F.2d 507, 510 (9th Cir. 1986). Brumley is not a financial consultant, he is WTPA's attorney, and he is admitted to conduct cases in federal court; *Alaksa Land* has no application here.

26

➤ In *Manez v. Bridgestone Firestone*, the Seventh Circuit found that 28
U.S.C. § 1927 did not apply to a Mexican attorney not admitted to
conduct cases in any United States court. 533 F.3d 578, 585 (7th Cir.
2008). Brumley is not an attorney from a foreign country, he is an
attorney from New York admitted to conduct cases in federal court;
*Manez* has no application here.

➤ In *AF Holdings LLC v. Navasca*, Plaintiff's owners were two attorneys
that formed a business for the purpose of bringing dubious copyright
infringement claims and forcing settlements with vexatious litigation
tactics. No. C-12-2396 EMC, 2013 WL 5701104 (N.D. Cal. Oct. 16,
2013). The case was dismissed with prejudice, and Defendant was
granted attorneys' fees and costs. *Id.* at *1. Defendant subsequently
sought to hold AF Holding's owners, who were attorneys, personally
liable for the fees and costs. *Id.* While the court declined to do so under
28 U.S.C. § 1927, it issued an order to show cause why the judgment
should not be amended to add AF Holding's owners as debtors for the
fees award and why they should not be sanctioned under the court's
inherent authority. *Id.* at *9.

➤ In *Lowery v. County of Riley*, the court declined to issue sanctions against
a party's general counsel for conduct at a mediation before the party was

27

named in the case. 738 F. Supp. 2d 1159, 1170 (D. Kan. 2010). The court found the attorney's actions did not evidence intentional or reckless misconduct. *Id.* Here, Brumley's actions were at a minimum in reckless disregard for the facts and were performed while his client was a named defendant; *Lowery* has no application here.

➢ In *In re Marker*, the court found it did not have personal jurisdiction over several attorneys who took no action or ever appeared in the case before it. 133 B.R. 340, 346 (Bankr. W.D. Pa. 1991). Here, Brumley swore to materially misleading statements he knew would be submitted to the District Court for the purposes of getting his client dismissed[4]; *In re Marker* has no application here.

➢ In *Lee v. L.B. Sales, Inc.*, the Eighth Circuit reversed 28 U.S.C. § 1927 sanctions because the lower court failed to enter findings of fact regarding what conduct it found sanctionable or why. 177 F.3d 714, 719 (8th Cir. 1999). Here, the District Court specifically identified the conduct Brumley was sanctioned for; *Lee* has no application here.

---

[4] To the extent Brumley is implying the District Court did not have jurisdiction to sanction him, the *Manez* court did not hesitate to find personal jurisdiction over a foreign attorney whose vexatious affidavit was submitted by separate litigation counsel. 533 F.3d at 578.

Many other cases cited by Brumley involve no reasoned analysis from the court and/or lack the level of bad faith here:

➢ In the *Leventhal v. New Valley Corp.*, the court did not issue Rule 11 sanctions against a party's general counsel because Rule 11 expressly applies to "attorney of record".  148 F.R.D. 109, 112 (S.D.N.Y. 1993). Without any discussion of 28 U.S.C. § 1927—and ignoring the fact § 1927 applies to "any attorney" with no limitation to attorneys of record— the court simply stated "for comparable reasons I also decline to sanction Walters under § 1927 or the Court's inherent powers." *Id.*  There is nothing persuasive about this unreasoned grafting of Rule 11's "attorney of record" language onto 28 U.S.C. § 1927.

➢ In *Matta v. May*, the plaintiff, who was an attorney, had his claims dismissed on summary judgment, and the trial court ordered him to pay one defendant $290,262.00 in fees without any reasoning or citation to authority for the award.  118 F.3d 410, 413 (5th Cir. 1997).  The Fifth Circuit found the plaintiff's causes of action "were well-founded in fact and law", and after briefly examining the fees award under 28 U.S.C. § 1927, Rule 11, and the trial court's inherent authority, reversed the fees award.  *Id.* at 413–16.  Without any analysis or reasoning, the court found that neither plaintiff's status as an attorney or his *pro se* filing made him

liable under 28 U.S.C § 1927.[5]  *Id.* at 414.  Here, Brumley's sworn assertions to the District Court were not "well-founded in fact", they were, at a minimum, recklessly deceptive for the purpose of getting his client dismissed based on a fiction he created.

➢ In *Popa-Verdecia v. Marco Trucking, Inc.*, the court declined to issue 28 U.S.C. § 1927 sanctions because the moving party did not cite a case in which an attorney not of record was sanctioned without any further analysis or reasoning.  No. 8:18-CV-1869-T-02AEP, 2019 WL 527974, at *1 (M.D. Fla. Feb. 11, 2019).  Such an unreasoned decision is not persuasive, and Plaintiffs have cited cases in which 28 U.S.C. § 1927 sanctions were issued to attorneys not of record.

## CONCLUSION

Plaintiffs respectfully submit that this Court does not have proper jurisdiction over Brumley's appeal because the District Court's Order was not appealable.  However, if this Court concludes Brumley may immediately appeal, it should be dismissed with prejudice without reaching the merits because he failed to sufficiently raise, litigate, and preserve his appellate argument below.  Finally, if the Court decides to entertain the merits of Brumley's appeal it should apply the

---

[5] The Fifth Circuit's decision is at odds with Brumley's own interpretation of 28 U.S.C. § 1927's application to *pro se* litigants.  Brumley's Brief at 23.

plain language of 28 U.S.C. § 1927, which authorized the District Court to sanction Brumley for submitting misleading statements that vexatiously multiplied the proceedings below.

DATED this 13th day of December, 2023.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 23-35329 and 23-35330

I am the attorney or self-represented party.

**This brief contains** | 7,007 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

(●) complies with the word limit of Cir. R. 32-1.

( ) is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

( ) is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R.
29-2(c)(2), or Cir. R. 29-2(c)(3).

( ) is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

( ) complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

( ) complies with the length limit designated by court order dated [                    ].

( ) is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | /s/ Ryan R. Shaffer | **Date** | 12/13/2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**        *Rev. 12/01/22*