Nos. 23-35329 and 23-35330

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

TRACY CAEKAERT and CAMILLIA MAPLEY,
*Plaintiffs-Appellees,*

and

ARIANE ROWLAND and JAMIE SCHULZE,
*Plaintiffs-Appellees,*

v.

PHILIP BRUMLEY,
*Appellant,*

and

WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA,
WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.,
*Defendants.*

On appeals from 28 U.S.C. § 1927 Sanction Orders against a non-party
District of Montana Nos. CV-20-52-BLG-SPW and CV-20-59-BLG-SPW
The Honorable Susan P. Watters

---

## APPELLANT'S REPLY BRIEF

---

Benjamin G. Shatz, Benjamin E. Strauss
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067-3119
(310) 312-4000 ♦ Fax (310) 312-4224

Gerry P. Fagan, Christopher T. Sweeney, Jordan W. FitzGerald
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900, P.O. Box 2559
Billings, MT 59103-2559
(406) 248-7731 ♦ Fax (406) 248-7889

*Attorneys for Appellant*
Philip Brumley

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................6

ARGUMENT .........................................................................................9

I.    This Court Has Jurisdiction Over Mr. Brumley's Appeal
Because He is a Non-Party, Non-Attorney of Record...................................9

II.    Mr. Brumley Did Not Waive His Appellate Arguments.............................13

      A.    Mr. Brumley Presented His Appellate Arguments and
Legal Authority to the District Court, Preserving them
for Appeal......................................................................................13

      B.    Regardless of Any Possible Waiver, This Court Should
Still Consider Mr. Brumley's Argument Because it
Raises a Pure, Important, and Unanswered Question
of Law..........................................................................................16

III.    The District Court Lacked Authority to Sanction Mr. Brumley
Under 28 U.S.C...................................................................................20

IV.    Section 1927 Should be Narrowly Construed Because it is
Penal in Nature ..................................................................................26

V.    Legislative History Confirms That § 1927 Should be Narrowly
Construed and Not Used to Sanction a Non-Party Who is
Neither an Attorney of Record Nor Admitted to Practice
Before the Sanctioning Court ...................................................................27

CONCLUSION ...................................................................................28

# TABLE OF AUTHORITIES

## CASES

*AF Holdings LLC v. Navasca*,
   2013 WL 5701104 (N.D. Cal. Oct. 16, 2013) ...................................22

*AMA Multimedia, LLC v. Wanat*,
   970 F.3d 1201 (9th Cir. 2020) ...............................................19, 20

*Andersen v. Cumming*,
   827 F.2d 1303 (9th Cir. 1987) ...............................................18, 20

*Cordoza v. Pac. States Steel Corp.*,
   320 F.3d 989 (9th Cir. 2003) .....................................................13

*Cornhusker Cas. Ins. Co. v. Kachman*,
   553 F.3d 1187 (9th Cir. 2009) ...................................................16

*Cunningham v. Hamilton Cnty., Ohio*,
   527 U.S. 198 (1999)...........................................................10, 12

*David v. Hooker, Ltd.*,
   560 F.2d 412 (9th Cir. 1977) ...............................................passim

*Gillespie v. United States Steel Corp.*,
   379 U.S. 148 (1964)................................................................9

*In re E.R. Fegert, Inc.*,
   887 F.2d 955 (9th Cir. 1989) ...........................................13, 16, 19

*In re Kinney*,
   51 B.R. 840 (Bankr. C.D. Cal. 1985) ............................................22

*In re Mercury Interactive Corp. Sec. Litig.*,
   618 F.3d 988 (9th Cir. 2010) ........................................13, 14, 18, 19

*Kaass Law v. Wells Fargo Bank*,
   799 F.3d 1290 (9th Cir. 2015) ..................................16, 17, 19, 20

*Kimes v. Stone*,
   84 F.3d 1121 (9th Cir. 1996) ....................................................18

*Kirshner v. Uniden Corp. of Am.*,
   842 F.2d 1074 (9th Cir. 1988) ...............................................15, 19

*Martinez v. City of Chicago*,
   823 F.3d 1050 (7th Cir. 2016) ...................................................12

# TABLE OF AUTHORITIES
## (continued)

*Miller v. Gammie*,
  335 F.3d 889 (9th Cir. 2003) ...............................................................13

*One Indus., LLC v. Jim O'Neal Distrib., Inc.*,
  578 F.3d 1154 (9th Cir. 2009) .....................................................15, 19

*Raich v. Gonzales*,
  500 F.3d 850 (9th Cir. 2007) ...............................................................15

*Sali v. Corona Reg'l Med. Ctr.*,
  884 F.3d 1218 (9th Cir. 2018) .............................................................10

*Scott v. Dalkon Shield Claimants' Trust*,
  1994 WL 321212 (E.D. La. June 23, 1994) .................................23, 24

*Snyder v. ACORD Corporation*,
  2019 WL 319407 (D. Colo. Jan. 24, 2019), *aff'd*,
  811 F. App'x 447 (10th Cir. 2020) ...............................................24, 25

*Stanley v. Woodford*,
  449 F.3d 1060 (9th Cir. 2006) .............................................................10

*Swofford v. Eslinger*,
  671 F. Supp. 2d 1274 (M.D. Fla. 2009).......................................25, 26

*United States v. Echavarria–Escobar*,
  270 F.3d 1265 (9th Cir. 2001) .............................................................16

*United States v. Rubalcaba*,
  811 F.2d 491 (9th Cir. 1987) ...............................................................17

*United States v. Sineneng-Smith*,
  140 S. Ct. 1575 (2020).........................................................................20

*United States v. Tillman*,
  756 F.3d 1144 (9th Cir. 2014) .............................................................13

*Whittaker Corp. v. Execuair Corp.*,
  953 F.2d 510 (9th Cir. 1992) ...............................................................13

## TABLE OF AUTHORITIES
### (continued)

### STATUTES & RULES

28 U.S.C. § 1927 ................................................................passim

Mont. Code § 37-61-201 ...........................................................22

Fed. R. Civ. Proc., 8 ...............................................................24

Fed. R. Civ. Proc., 37(a)(4) ......................................................10

Fed. R. Civ. Proc., 37(b)(2) ...................................................9, 10

### OTHER AUTHORITIES

Goelz, Batalden & Querio, Federal Ninth Circuit Civil Appellate Practice
§ 2:458 (The Rutter Group 2023) .........................................12

H.R. Rep. No. 96-1234 (1980) (Conf. Rep.),
reprinted in 1980 U.S.C.C.A.N. 2782.............................9, 27, 28

126 Cong. Rec. H8046–49 (1980) ............................................27

126 Cong. Rec. H23625–27 (Aug. 28, 1980) ...............................27

## INTRODUCTION

The district court's orders imposing 28 U.S.C. § 1927 sanctions against Appellant Philip Brumley—in-house General Counsel for one of the defendants, Watch Tower Bible and Tract Society of Pennsylvania (WTPA)—are unprecedented. Despite the statute's 210-year history, Plaintiffs fail to provide any case from any jurisdiction that has ever imposed sanctions under § 1927 against someone like Mr. Brumley—a fact-witness or party-representative who merely also happens to be a lawyer admitted in another federal court.

In fact, Plaintiffs' Answering Brief offers little defense against Mr. Brumley's challenge to the merits of the district court's orders. Instead, Plaintiffs encourage this Court to ignore the district court's legal errors—which could have sweeping consequences for general counsel within this Circuit—by raising procedural challenges aimed at avoiding the merits of Mr. Brumley's appeal. Plaintiffs' procedural arguments should be rejected, and this Court should consider the merits of Mr. Brumley's appeal and reverse the district court's orders.

Plaintiffs first renew their failed argument presented in their prior motion to dismiss this appeal for lack of appellate jurisdiction. A motions panel of this Court previously denied Plaintiffs' motion to dismiss, and this panel should similarly reject Plaintiffs' argument. Mr. Brumley successfully opposed Plaintiffs' prior motion by citing *David v. Hooker, Ltd*., 560 F.2d 412, 415 (9th Cir. 1977), which held that an officer, director, or managing agent of a party would be treated as a non-party, and that sanctions imposed against such a non-party were "a final decision so as to be appealable to this court." Plaintiffs did not address *David* then, and ignore it again

now. Under *David*, Mr. Brumley should be treated as a non-party, and should be entitled to appeal the significant $154,448 in § 1927 sanctions awarded against him. Without the opportunity to appeal now, Mr. Brumley runs the risk that he could never challenge the sanctions award because, as a non-party, he would not be entitled to appeal his collateral sanctions order from this litigation's final judgment—which would not name him. *See id.* at 417. Accordingly, this Court should reject what amounts to a renewed motion to dismiss.

Plaintiffs' next procedural challenge—waiver—is equally baseless. Plaintiffs concede that WTPA (on Mr. Brumley's behalf) presented Mr. Brumley's appellate arguments to the district court. They claim, however, the arguments were raised too late, and because the district court declined to consider the arguments, waiver still applies. But none of the authority cited in Plaintiffs' Answering Brief supports such a draconian waiver standard (nor its application to a non-party like Mr. Brumley). WTPA's counsel (on Mr. Brumley's behalf) presented the same arguments and legal authority in the district court now presented to this Court on appeal. Thus, because Mr. Brumley gave the district court the opportunity to reconsider its rulings and correct its errors, waiver does not apply. And even if the waiver doctrine were to apply, this Court should exercise its discretion to decide the important and unanswered question of law presented by Mr. Brumley's appeal.

With respect to the merits, Plaintiffs argue that this Court should adopt an expansive reading of § 1927 that would allow imposing sanctions against Mr. Brumley. But Plaintiffs cite no case from any jurisdiction that has ever adopted such an overbroad reading of § 1927, and this Court should not be the first to do so.

As explained in Mr. Brumley's Opening Brief, § 1927 empowers a "court" to sanction an "attorney" who "unreasonably and vexatiously" "multiplies the proceedings" in a case. Section 1927 is designed to allow a court to sanction lawyers who are acting *as counsel*, i.e., conducting litigation, in a case pending before the court. Section 1927 was never intended to allow a fact-witness or party-representative—who merely also happens to be a lawyer admitted to a different court elsewhere—to be sanctioned. As applied here, § 1927 was never intended to allow imposing over $150,000 in sanctions against a non-party simply for signing two factual affidavits.

While this Court has not yet addressed whether a district court can impose sanctions against someone like Mr. Brumley—a non-party, affiant-witness, who by happenstance is admitted in another federal court—this Court should decide this significant issue of first impression and hold that district courts lack authority to impose sanctions against someone like Mr. Brumley under § 1927. As detailed in Mr. Brumley's Opening Brief, this Court's precedent, as well as authority from other circuits and district courts, supports this proper reading of § 1927.

Plaintiffs' Answering Brief ignores that other Circuits unanimously hold that § 1927 should be interpreted narrowly because it is penal in nature—i.e., it serves to punish an "attorney" who "unreasonably and vexatiously" "multiplies" proceedings by imposing personal liability for fees and costs traceable to such conduct. Plaintiffs similarly offer no response to this Circuit's jurisprudence holding that penal statutes should be applied and interpreted narrowly. And as explained in Mr. Brumley's

Opening Brief, this Court should extend that reasoning to construe § 1927 narrowly and conclude that the sanctions against Mr. Brumley were unauthorized.

Legislative history confirms this narrow interpretation and explains that § 1927 sanctions must meet a "high standard" to avoid infringing on the advocacy of an "attorney *in representing his client*." H.R. Rep. No. 96-1234, at 8 (1980) (Conf. Rep.), reprinted in 1980 U.S.C.C.A.N. 2782. This and other legislative history demonstrate that Congress contemplated sanctions against attorneys representing the parties before the sanctioning court—not against a non-party, affiant-witness, who also happens to be an attorney admitted in another jurisdiction.

Accordingly, this Court should reverse the district court and vacate the orders imposing § 1927 sanctions against Mr. Brumley.

## ARGUMENT

### I. This Court Has Jurisdiction Over Mr. Brumley's Appeal Because He is a Non-Party, Non-Attorney of Record.

In *David v. Hooker, Ltd.*, 560 F.2d 412, 415 (9th Cir. 1977), this Court held that an officer, director, or managing agent of a party would be treated as a non-party, and that sanctions imposed against such a non-party under Federal Rule of Civil Procedure 37(b)(2) were "a final decision so as to be appealable to this court." In so concluding, this Court explained that "'the requirement of finality is to be given a 'practical rather than technical construction.' … the most important considerations are 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" *Id.* at 416-17 (quoting *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 152–53 (1964)). With respect to the sanctions

award, this Court reasoned that "the non-party cannot argue the propriety of the Rule 37(b)(2) sanction for attorney's fees in an appeal from the final judgment as a party to the suit would be able to do. Unless he can obtain a review of the order and sanction at the time it is imposed, a non-party will have no right of review at all." *Id.* at 417. Therefore, "[t]here is no danger of piecemeal review in this type of case as such orders are, for all practical purposes, final." *Id.*

Mr. Brumley successfully opposed Plaintiffs' motion to dismiss this appeal by citing *David*, yet Plaintiffs' Answering Brief fails to mention that precedent at all. *David* has never been overruled by this Court or the Supreme Court, and this Court invoked the rule from *David* as recently as 2018. *See Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1221 n.3 (9th Cir. 2018) (noting that while a sanctions order is interlocutory and non-appealable until entry of final judgment, "certain exceptions are recognized in cases involving orders and sanctions against non-parties" (quoting *David*, 560 F.2d at 415)).

Plaintiffs ignore this relevant authority—as they did in their motion to dismiss and supporting reply—and again rely on inapposite case law holding that a party's attorney-of-record (or former attorney-of-record) cannot immediately appeal sanctions imposed under Rule 37(a)(4), *see Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198 (1999), and that an attorney petitioning to be a party's attorney-of-record cannot immediately appeal a § 1927 sanctions order, *see Stanley v. Woodford*, 449 F.3d 1060 (9th Cir. 2006). But, as explained previously when opposing Plaintiffs' motion to dismiss (and reiterated below), neither case is applicable to Mr. Brumley, and neither forecloses Mr. Brumley's appeal here.

10

Mr. Brumley is not a party to the underlying district court cases. He also has never been any party's attorney in the cases (and never sought to be). *See* 4-ER-558–601; *see also* Dkt. No. 9 at p. 11 ¶¶ 3–5.[1] In fact, Mr. Brumley is not even admitted to practice in Montana (in state or federal court)—or in any jurisdiction within the Ninth Circuit.[2] 2-ER-87; Dkt. No. 9 at p. 11 ¶¶ 8–9. Instead, Mr. Brumley is an officer of WTPA as its General Counsel. 2-ER-87; Dkt. No. 9 at p. 11 ¶ 2. Mr. Brumley has never "appeared" in the district court—other than to file his notices of appeal after the district court issued orders sanctioning him personally—nor has he ever appeared in any case in the District of Montana or this Court. 2-ER-87; Dkt. No. 9 at p. 11 ¶¶ 3–10.

Under *David*, Mr. Brumley should be treated as a non-party, and should be entitled to appeal the significant § 1927 sanctions awarded against him. The issue is fully briefed and ready for resolution. Without the opportunity now, Mr. Brumley runs the risk that he could never challenge the sanctions award.

Plaintiffs could take the position when this case finally resolves (currently in discovery and set for trial late this year), that Mr. Brumley is not a party and would

---

[1] The Answering Brief asserts that WTPA was Mr. Brumley's "client" (AB at 10, 15), and that Mr. Brumley was "WTPA's attorney" (AB at 26), but that is imprecise to the point of being misleading. While Mr. Brumley has an attorney-client relationship with WTPA as its General Counsel, he has never filed any papers in this litigation on behalf of WTPA because he is not counsel for WTPA in this litigation. Rather, WTPA has always appeared through counsel of record—admitted to practice before the district court (unlike Mr. Brumley)—and that counsel of record has filed all papers in this litigation. *See* 4-ER-558–601.

[2] Nor has Mr. Brumley ever sought or obtained permission to appear as counsel in the District of Montana *pro hac vice*. Dkt. No. 9 at p. 11 ¶¶ 3–4, 10.

not be entitled to appeal his collateral sanctions order from the litigation's final judgment—which would not name him.[3] This is why Mr. Brumley's appeal now is proper.

Filing an immediate appeal and vacating the sanctions award as quickly as possible is also necessary in light of the significant prejudice to Mr. Brumley. While the sanctions have no basis in law, Mr. Brumley has been forced to pay over $150,000 for signing two affidavits. In addition, other Circuits have recognized that a finding of attorney misconduct in a sanctions order (i.e., a non-monetary sanction) can rise to the level of warranting an immediate appeal, because such findings "can seriously impair an attorney's professional standing, reputation, and earning possibilities." *See Martinez v. City of Chicago*, 823 F.3d 1050, 1053 (7th Cir. 2016).

Accordingly, this Court should reject Plaintiffs' argument that appellate jurisdiction is lacking and should consider the merits of Mr. Brumley's appeal. In addition, even if this Court were to determine that the sanctions orders were not

---

[3] A leading treatise's "Practice Pointer" recommends that non-parties like Mr. Brumley file an immediate appeal in this situation: "until the Ninth Circuit interprets and applies *Cunningham* in other contexts, **prudence suggests that practitioners continue to assume that other nonparties must directly appeal such sanctions awards**. **File an immediate notice of appeal**; but keep in mind that the interlocutory appeal may be dismissed (under *Cunningham*), in which case a new appeal would have to be filed after a final judgment is rendered in the litigation." Goelz, Batalden & Querio, Federal Ninth Circuit Civil Appellate Practice § 2:458 (The Rutter Group 2023) (emphasis added). Similarly, the practice guide notes that while *Cunningham* "calls [*David*] into question," there is no definitive answer on the appealability by "officers, directors, [and] agents of [a] corporate party." *Id*. at § 2:457; *see also* 2019 edition of § 2:446 ("the right of a nonparty—and particularly nonparty attorneys—to an interlocutory appeal from *other types of sanctions*, not arising out of contempt proceedings is **presently unclear**." (emphasis added)).

immediately appealable, this Court can, as it has "done in past similar situations, treat the notice of appeal as a petition for a writ of mandamus," to reach the merits. *Miller v. Gammie*, 335 F.3d 889, 895 (9th Cir. 2003) (en banc) (citing *Cordoza v. Pac. States Steel Corp.*, 320 F.3d 989, 998 (9th Cir. 2003)); *see United States v. Tillman*, 756 F.3d 1144, 1150 (9th Cir. 2014) (exercising jurisdiction and treating appeal of sanctions order as mandamus petition).

## II.    Mr. Brumley Did Not Waive His Appellate Arguments.

### A.    Mr. Brumley Presented His Appellate Arguments and Legal Authority to the District Court, Preserving them for Appeal.

Plaintiffs' second procedural argument designed to thwart this Court from reaching the merits of Mr. Brumley's appeal is that the arguments were not preserved for appeal. This argument fails.

"'[N]o 'bright line rule' exists to determine whether a matter [h]as been properly raised below.'" *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (quoting *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992)). "A workable standard, however, is that the argument must be raised sufficiently for the trial court to rule on it." *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989). "This principle accords to the district court the opportunity to reconsider its rulings and correct its errors." *In re Mercury*, 618 F.3d at 992 (citations omitted).

Mr. Brumley—a non-party to the district court litigation—satisfies this workable standard. WTPA presented the district court with Mr. Brumley's appellate

arguments and supporting legal authority that called the sanctions award against Mr. Brumley into serious doubt.[4]

Specifically, after the district court ruled that sanctions would be awarded against Mr. Brumley under § 1927, WTPA opposed the amount of sanctions sought and requested that the district court stay payment of any sanctions pending Mr. Brumley's interlocutory appeal. 3-ER-284–349. In that briefing *to the district court*, WTPA argued (on behalf of non-party Mr. Brumley), that "serious legal questions exist as to whether this Court has authority to issue sanctions under § 1927 against Mr. Brumley, who is neither an attorney of record in this case nor admitted to practice before this Court—nor any other court in Montana." 3-ER-309, 343.[5] WTPA then went on to present the district court and Plaintiffs with the same arguments and authority that Mr. Brumley presents to this Court in this appeal. *See* 3-ER-309–314, 343–348. This gave the district court—in two cases proceeding in parallel—ample "opportunity to reconsider its rulings and correct its errors." *In re Mercury*, 618 F.3d at 992 (citations omitted). Yet the district court declined to do so.

Instead of addressing this legal authority and correcting the error of its unprecedented sanctions orders against Mr. Brumley, the district court awarded sanctions and denied a stay of payment pending appeal by concluding that "the Court

---

[4] Plaintiffs repeatedly state that Mr. Brumley "submitted" briefing to the district court and "requested" a hearing on Plaintiffs' motions (*see* AB at 5–6, 13, 16), but this is untrue. It was actually Defendant WTPA that opposed Plaintiffs' motions for sanctions; non-party Mr. Brumley submitted no briefing in the district court and made no filings other than his notices of appeal. *See, e.g.*, 13-SER-2994, 2998.

[5] Plaintiffs concede that these arguments were raised in the district court, but argue they were untimely. *See* AB at 6, 11–12, n.1 (citing 3-ER-309–14, 343–48).

need not address the substance of WTPA's argument because WTPA did not raise this issue in its response brief to Plaintiffs' Motion for Sanctions when it was appropriate to do so and thus has waived the argument." 1-ER-21. The district court's only authority for finding waiver and ignoring Mr. Brumley's arguments was *Raich v. Gonzales*, 500 F.3d 850, 868 (9th Cir. 2007). But that case involved a petitioner who *never* raised an argument in the district court or in a prior appeal involving the same marijuana conviction. *Id.* at 868–69 ("Raich raises this argument for the first time in her opening brief to our second review of her case."). Mr. Brumley's case is distinguishable because he is a non-party, and the same arguments were presented in the district court that are now presented to this Court on appeal.

In short, Plaintiffs had an opportunity to rebut Mr. Brumley's arguments and legal authority in the district court, but chose not to. The district court also had an opportunity to amend, vacate, or at least justify its unprecedented award of sanctions against Mr. Brumley under § 1927, but chose not to. "This is hardly a case in which a party treated the district court 'as a mere ill-placed bunker to be circumvented' on his way to the appellate court." *One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1159 (9th Cir. 2009) (citation omitted); *see also Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1079 (9th Cir. 1988) ("Although Schumaier's arguments were cursory in form, they were nevertheless sufficient to apprise the district court of Schumaier's position prior to the court's entry of the written order. Schumaier, therefore, is not precluded from raising the arguments on this appeal."). Instead, this Court has recognized the principle that whether a district court rules on an issue

"is not controlling. We have ruled that intermediate appellate courts may consider any issue supported by the record, even if the [lower] court did not consider it." *In re E.R. Fegert*, 887 F.2d at 957 (citations omitted). Accordingly, because Mr. Brumley raised his appellate arguments sufficiently for the district court to rule on them, this Court should hold they are preserved on appeal.

**B.**     **Regardless of Any Possible Waiver, This Court Should Still Consider Mr. Brumley's Argument Because it Raises a Pure, Important, and Unanswered Question of Law.**

Even if the Court were to decide that the arguments Mr. Brumley raises on appeal were not presented early enough in the district court proceedings to avoid the waiver doctrine, this Court should still exercise its discretion to decide the pure, important, and unanswered question of law presented in Mr. Brumley's appeal.

"Ordinarily, 'an appellate court will not hear an issue raised for the first time on appeal.'" *Kaass Law v. Wells Fargo Bank*, 799 F.3d 1290, 1293 (9th Cir. 2015) (quoting *Cornhusker Cas. Ins. Co. v. Kachman*, 553 F.3d 1187, 1191 (9th Cir. 2009)). "There are, however, four exceptions to this rule, where: (1) there are exceptional circumstances why the issue was not raised in the trial court; (2) new issues have become relevant while the appeal was pending because of [a] change in the law; (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court; or (4) plain error has occurred and injustice might otherwise result." *Id.* (quoting *United States v. Echavarria-Escobar*, 270 F.3d 1265, 1267–68 (9th Cir. 2001)).

Because Mr. Brumley's important argument falls under the third and fourth exceptions, this Court can and should consider it on appeal. Whether Mr. Brumley—

a non-party, affiant-witness, who happens to be an attorney admitted in another jurisdiction—can be sanctioned under § 1927 is "purely" an issue of law. *See Kaass Law*, 799 F.3d at 1293. In addition, Plaintiffs will not suffer prejudice if the Court addresses it for the first time on appeal (after the district court declined to consider it). *See id.* There is nothing in the record to suggest that Plaintiffs would "have presented new evidence or made new arguments" in the district court. *See United States v. Rubalcaba*, 811 F.2d 491, 493 (9th Cir. 1987). In fact, Plaintiffs made no attempt to address the merits when presented with Mr. Brumley's appellate arguments in the district court, and Plaintiffs' argument that disputed factual issues justify waiver is meritless. These purported newly manufactured issues of fact are irrelevant.[6]

The pure legal issue on appeal is whether Mr. Brumley—a non-party, affiant-witness, who also happens to be an attorney admitted in another jurisdiction (but not before the sanctioning district court)—can be sanctioned under § 1927. The salient facts underlying this issue are undisputed.

A glance at the complaints and district court dockets shows that Mr. Brumley is not a party to the district court proceedings. *See* 4-ER-558–601. In addition, Mr. Brumley has never been a party's attorney in the cases (and never sought to be). *See* 4-ER-558–601; *see also* Dkt. No. 9 at p. 11 ¶¶ 3–5. Nor has Mr. Brumley ever sought or obtained permission to appear as counsel in the District of Montana

---

[6] Plaintiffs curiously claim that ruling in Mr. Brumley's favor would prejudice their ability to obtain a remedy under § 1927. *See* AB at 17. This is circular reasoning: A remedy under § 1927 was never available against a non-party like Mr. Brumley, so they lose nothing by proper application of the statute.

*pro hac vice*. Dkt. No. 9 at p. 11 ¶¶ 3–4, 10. Further, Mr. Brumley is not admitted to practice in Montana (in state or federal court)—or in any jurisdiction within this Circuit. 2-ER-87; Dkt. No. 9 at p. 11 ¶¶ 8–9. As noted, Mr. Brumley's only appearance in the district court was to file his notices of appeal after the court sanctioned him personally—nor has he ever appeared in any case in the District of Montana or this Court. 2-ER-87; Dkt. No. 9 at p. 11 ¶¶ 3–10. Plaintiffs cannot reasonably dispute any of this.[7]

Despite Plaintiffs' arguments to the contrary, no amount of discovery, depositions, or "investigation" could change these facts, nor is this a situation in which the record on appeal is "not sufficiently developed for [this Court] to rule on the issues raised." *Cf. Andersen v. Cumming*, 827 F.2d 1303, 1305 (9th Cir. 1987). Rather, "[t]he issue has been sufficiently briefed and the record has been sufficiently developed such that [this Court's] 'consideration of the issue would not prejudice [Plaintiffs'] ability to present relevant facts that could affect [this Court's] decision.'" *In re Mercury*, 618 F.3d at 993 (quoting *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996)).

---

[7] Plaintiffs attempt to create a "factual wrinkle" as to whether Mr. Brumley was "acting" as WTPA's attorney of record. *See* AB at 17. This is an absurd red herring. Mr. Brumley was not "acting," and never could have "acted," as attorney of record because he is not licensed (nor admitted *pro hac vice*) to do so, and WTPA always had attorneys of record who were "acting" as counsel of record. Thus, this argument is meritless and could not possibly "implicate facts not in the record." *See* AB at 17. In other words, Mr. Brumley's appeal is not premised on "factual assertions he failed to raise below" (AB at 13) but rather rests on undisputed facts, foremost that he was not counsel of record for WTPA.

In addition, while the vast majority of courts have correctly determined that someone in Mr. Brumley's position cannot be sanctioned under § 1927, *see* AOB at 14–20, allowing these sanctions to stand may create a recurring issue and confusion in the district courts on this important question, which could place all general counsel at risk of paying personally for actions taken by counsel of record.

None of Plaintiffs' authority supports a contrary conclusion. In fact, nearly all of the authority Plaintiffs cite actually found no waiver and considered the issues on appeal. *See, e.g.*, *Kaass Law*, 799 F.3d at 1293; *In re Mercury*, 618 F.3d at 993; *One Indus., LLC*, 578 F.3d at 1159; *In re E.R. Fegert*, 887 F.2d at 957–58; *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1079 (9th Cir. 1988).[8]

And while *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1215 (9th Cir. 2020) found waiver of an issue on appeal, it did so under egregious and distinguishable circumstances. The *Wanat* Court found waiver where the appellant failed to raise an issue in its opening or reply brief, and only raised it after this Court "withdrew submission of this case and specifically requested briefing on potential waiver and the impact of the [change in law]." *Id.* Thus, this Court declined to exercise its discretion to consider the issue in light of "the principle of party

---

[8] Plaintiffs also rely on *Kirshner* for the proposition that Mr. Brumley "cannot create and rely on new facts on appeal." *See* AB 13–14. But, again, *Kirshner* found no waiver, *Kirshner*, 842 F.2d at 1079, and the cited pages relate to a motion "to strike [appellant's] Opening Brief, portions of its Excerpts of Record, and its Designation of Record on Appeal on the ground that [appellant] has included within the excerpts certain materials not properly part of the record on appeal." *Kirshner*, 842 F.2d at 1077–78. Plaintiffs have filed no such motion here, so that discussion—completely separate from the *Kirshner* Court's discussion of waiver—is irrelevant.

presentation." *Id.* (citing *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020)). No such egregious circumstances nor issues of party presentation exist here because the arguments here were raised in the district court and repeated in the briefing on appeal now. And, as noted, while the record was "not sufficiently developed" in *Andersen*, 827 F.2d at 1305, that is not the case here.

Accordingly, even if the waiver doctrine were to apply, this Court should exercise its discretion to decide the important and unanswered pure question of law presented in Mr. Brumley's appeal. *See Kaass Law*, 799 F.3d at 1293 ("Whether a law firm may be sanctioned under 28 U.S.C. § 1927 is 'purely' an issue of law. Moreover, [Appellee] will not suffer prejudice if we address it for the first time on appeal. There is nothing in the record to suggest that [Appellee] would 'have presented new evidence or made new arguments' if the issue had been raised below.").

## III. The District Court Lacked Authority to Sanction Mr. Brumley Under 28 U.S.C. § 1927 Because He is Not an Attorney of Record in the Case or Admitted to Practice Before the District Court.

Plaintiffs argue for an expansive reading of § 1927 that would allow sanctions against Mr. Brumley. In their view, the plain language of § 1927 allows a district court to sanction "any" attorney admitted in "any" federal court, regardless of whether that attorney is admitted before the sanctioning court or ever participated as an attorney before that court. AB at 19–20. But this stretches the statute's language too far, and no court has ever adopted such an overbroad reading of § 1927 in the statute's 210-year history.

Section 1927 empowers courts to sanction an "attorney" who "unreasonably and vexatiously" "multiplies the proceedings" in a case. Section 1927 is designed to allow a court to sanction lawyers who are acting as counsel, i.e., conducting litigation, in a case pending before the court. Plaintiffs argue that Mr. Brumley is attempting to "rewrite" the statute—to replace "any attorney" with "attorneys of record." AB at 20. Not so. Mr. Brumley's position is not that the statutory language must be changed or enhanced at all, but rather that the proper interpretation of the language already limits the statute's application to counsel of record. The existing wording of § 1927 already says that any attorney "admitted to conduct cases in any court" may be sanctioned "by the court"—and this connection between "any court" and "the court" should be understood to mean that these courts must be the same court, i.e., the sanctioning court must be same court in which the attorney is admitted. In short, any court is empowered to sanction any attorney who is admitted to that court and who, in conducting litigation in that court, is unreasonably and vexatiously multiplying proceedings in that court.

Section 1927 was never intended to allow a fact-witness or party-representative—who merely also happens to be a lawyer admitted in some other court—to be sanctioned. Even though the statute was enacted over 210 years ago, neither the district court nor the Plaintiffs identified any case in any jurisdiction in which a court has ever imposed § 1927 sanctions under such circumstances, i.e., against a non-party, non-counsel of record, who never appeared in the case (as party or counsel, or attempted to appear) and who is not even admitted to practice before the sanctioning court. This remains true today, and none of the authority cited by

21

Plaintiffs supports such an expansive reading of § 1927. Instead, each of the district court cases that Plaintiffs rely on involve sanctions against an attorney for acts taken before the court *as an attorney*, not as a non-party, affiant-witness, who also happened to be an attorney admitted in another jurisdiction.[9] Plaintiffs cite four such cases, all of which are readily distinguishable.

**First**, in *In re Kinney*, 51 B.R. 840, 845–46 (Bankr. C.D. Cal. 1985), the bankruptcy court sanctioned an attorney for her abuse of the bankruptcy system by filing 10 different bankruptcy cases in an effort to use the automatic stays to prevent a foreclosure sale. The sanctioned lawyer was the attorney of record in 8 of the 10 bankruptcy cases, and while she was not the attorney of record when the ninth case was filed, the bankruptcy court concluded that "her advice and participation in bringing about the filing makes her liable for sanctions under § 1927." *Id.* at 845–47. Thus, the sanctions award was based on all the bankruptcies, even those for which she was not technically counsel of record, because the court found that the attorney had advised the parties in connection with those bankruptcies too. *See id.* Here, however Mr. Brumley was never involved as an attorney in any case before the district court, so *Kinney* is inapposite. *See AF Holdings LLC v. Navasca*, No. C-12-2396-EMC, 2013 WL 5701104, at *17 (N.D. Cal. Oct. 16, 2013) (adopting

---

[9] Plaintiffs assert that Mr. Brumley "drafted" and "filed" misleading affidavits (*see* AB at 5, 10), but the district court made no such findings, which would not be supported by the record because WTPA "filed" the motions to dismiss and supporting documents, and WTPA's counsel of record "drafted" them. *See, e.g.*, 1-ER-47, 61–62; 4-ER-558–601. Mr. Brumley's only participation in the district court was signing two factual affidavits, Dkt. No. 9 at p. 11 ¶¶ 3–10, which would not constitute the practice of law in Montana. *See* Mont. Code § 37-61-201.

recommendation to deny motion for § 1927 sanctions and distinguishing *Kinney* because the individuals "are not attorneys of record in any related case before the district court").

**Second**, *Scott v. Dalkon Shield Claimants' Trust,* No. CIV-A-85-1718, 1994 WL 321212 (E.D. La. June 23, 1994) also bears no resemblance to Mr. Brumley's situation, and Plaintiffs misrepresent the facts in *Scott*. In *Scott*, the district court imposed $760 in sanctions against an attorney, Michael Pretl, "for participating in this case without enrolling" and then abandoning the plaintiff three months before trial and on the eve of the expert report deadline. *Id.* at *1–*2. The attorney of record in *Scott* had "little experience with federal litigation" so he contacted Pretl's firm who had relevant experience with claims in federal court involving the product at issue in the litigation. *Id.* at *1. The attorney of record "requested Pretl's assistance and direct participation in this case." *Id.* Although Pretl never formally enrolled in the case to represent the plaintiffs, the district court found that Pretl was involved in conducting the litigation: Pretl traveled to New Orleans for plaintiffs' deposition, and "actively participated as co-counsel for plaintiffs. He took primary responsibility for making objections during the deposition, repeatedly asserted objections throughout the deposition, argued the sufficiency of the plaintiffs' response to the deposition subpoena, discussed discovery protocol, and instructed the plaintiffs whether to answer particular questions." *Id.* (footnote omitted). Thus, the district court concluded that Pretl "clearly undertook to [represent the plaintiffs] during the deposition, and in fact, repeatedly referred to the plaintiffs as 'my-clients.'" *Id.* at *2.

The district court further concluded that "Pretl purposefully gave the impression that he was representing the plaintiffs as lead counsel at their deposition. Pretl's conduct at the deposition and the inconsistencies between his conduct and his affidavit, support the conclusion that Pretl [led] the plaintiffs and their local counsel to rely, albeit unwisely, on Pretl to procure expert testimony and otherwise prepare the case for trial." *Id.* In short, "the plaintiffs were manipulated by Pretl." *Id.* Pretl's conduct resulted in delay of the trial and "unnecessarily increase[d] the cost of litigation, impose[d] additional burdens on all involved, and [would] lead to public disillusionment in the lawyers and the judicial system." *Id.* Unlike Pretl, however, Mr. Brumley never participated *as an attorney* in this litigation or before the district court in any way, and certainly never gave the impression he was "lead counsel." Thus, *Scott* does not support Plaintiffs' expansive view of § 1927, nor does it support imposing sanctions against Mr. Brumley for his signing factual affidavits for WTPA.

**Third**, in *Snyder v. ACORD Corporation*, No. 1:14-CV-01736-JLK, 2019 WL 319407, at *9 (D. Colo. Jan. 24, 2019), the district court sanctioned an attorney of record for, among other misconduct, "his refusal to acknowledge that the complaint was deficient under Federal Rule of Civil Procedure 8, his incessant filing of absurdly lengthy and legally incorrect briefs, and his insistence on pursuing the case even after [the district court's] dismissal order."[10] The district court reasoned

---

[10] Notably, the attorney "continued with his relentless submission of inappropriate filings," and the district court struck, among other filings, the attorney's 260-page complaint (which was amended three times and filed nine days before defendants' motion to dismiss was due), 40-page motion for extension of time to respond to the motion to dismiss, and 1,100-page motion for relief from the final judgment. *Snyder*,

that although the attorney "did not officially enter his appearance in this case until October 17, 2014, ... the record is clear that he had an active role in the case prior to that date." *Id*. at *10. Thus, the district court concluded that the attorney's delayed appearance did not preclude sanctions under § 1927 for his conduct that "unreasonably and vexatiously multipl[ied] these proceedings."[11] *Id.* But like the rest of Plaintiffs' authorities, *Snyder* bears no resemblance to Mr. Brumley's situation because Mr. Brumley never acted or appeared as an attorney before the district court, and certainly never filed any documents that were stricken (because he never filed any documents other than his own notices of appeal).

**Fourth**, in *Swofford v. Eslinger*, 671 F. Supp. 2d 1274, 1283 (M.D. Fla. 2009), the district court sanctioned an in-house counsel (Lane) who had represented the defendants in the district court litigation until they retained outside counsel. The sanctions award related to evidence spoliation and Lane's failure to ensure that evidence was preserved. *See id.* at 1281. Specifically, the district court held that sanctions were appropriate against Lane "in light of his complete failure to fulfill his duty, both in his official capacity as General Counsel for the [defendant] and as *initial counsel* for all Defendants in this case, to take affirmative steps to monitor compliance so that all relevant, discoverable information is identified, retained and

---

2019 WL 319407, at *10–*11; *see Snyder v. Accord Corp.*, 811 F. App'x 447, 467 (10th Cir. 2020).

[11] While Plaintiffs note that the Tenth Circuit affirmed *Snyder* in an unpublished order (AB at 25), that unpublished order does not address the issue of the attorney's delayed appearance in the case, *see Snyder*, 811 F. App'x at 465–67, presumably because that argument was abandoned on appeal and not raised in appellant's opening or reply briefs, *see* 2019 WL 2225241, 2019 WL 4511746.

produced." *Id.* at 1287–88 (footnote and citations omitted, emphasis added).[12] But again, this out-of-circuit district court authority does not support imposing sanctions against Mr. Brumley because he was never "initial counsel," and never acted or appeared as an attorney of record before the district court at any time (nor was he even licensed to do so).

In sum, Plaintiffs offer no on-point authority to support their expansive and improper reading of § 1927, nor do they offer any authority to support imposing over $150,000 in sanctions against Mr. Brumley for his signing factual affidavits (which was his entire involvement in the proceedings). In fact, none of the cases Plaintiffs cite support imposing any amount of § 1927 sanctions against Mr. Brumley—a non-party, non-counsel of record, who never appeared in the case (as party or counsel), and who is not even admitted to practice before the sanctioning court. Accordingly, this Court should reverse the orders imposing § 1927 sanctions against Mr. Brumley because those sanctions were improper.

## IV. Section 1927 Should be Narrowly Construed Because it is Penal in Nature.

Mr. Brumley's Opening Brief explains that nearly every other Circuit has cautioned against a broad reading of § 1927. AOB at 20–24. Plaintiffs ignore this point in their Answering Brief. This Court should follow the consensus of these other

---

[12] Notably, "Lane stated that outside counsel are typically not retained … until the SCSO is actually served with a lawsuit, and he admitted that he was the sole lawyer responsible for responding to the preservation letters." *Swofford*, 671 F. Supp. 2d at 1283.

Circuits and adopt a narrow reading of § 1927 to preclude punishing non-parties like Mr. Brumley.

**V.    Legislative History Confirms That § 1927 Should be Narrowly Construed and Not Used to Sanction a Non-Party Who is Neither an Attorney of Record Nor Admitted to Practice Before the Sanctioning Court.**

To the extent any ambiguity exists as to whether § 1927 allows a district court to sanction Mr. Brumley, the origins, purpose, and development of § 1927 over the past 200 years make clear that sanctioning someone like Mr. Brumley was never intended or even contemplated. *See* AOB at 24–29. As detailed in Mr. Brumley's Opening Brief, the legislative history and amendments to § 1927 demonstrate that the focus was always on targeting the particular lawyer responsible for conducting the litigation and who was admitted to practice before the sanctioning court. *See* AOB at 24–29.

Plaintiffs' primary response to the abundant legislative history confirming that sanctions were never contemplated against someone in Mr. Brumley's position is to argue that the Committee of the House of Representatives "was not addressing whether the statute should only apply to a subset of attorneys." AB at 22 (citing 126 Cong. Rec. H8046–49, at 12 (1980)). But that misses the point. The Committee was concerned with chilling "the legitimate zeal of *attorneys representing their clients*" (H.R. Conf. Rep. No. 96-1234, at 8 (1980); *see* 126 Cong. Rec. H23625–27 (Aug. 28, 1980))—not with chilling the zeal of witnesses who sign factual affidavits. This simply confirms that Congress never contemplated Plaintiffs' proposed expansive

view of § 1927 that could sanction a non-party, affiant-witness, who never acted or appeared as counsel before the district court.

Plaintiffs' other argument to support their overbroad interpretation is that this same legislative history also noted that "[t]he managers are of the opinion that litigation can be expedited if courts give greater attention to the availability of section 1927, as amended." AB at 22–23 (quoting H.R. Conf. Rep. 96-1234, at 9). But nothing in this legislative material suggests that a "greater attention to the availability" of § 1927 sanctions means expanding § 1927 to apply to a non-party, affiant-witness, who also happens to be an attorney admitted in another jurisdiction. Like the rest of Plaintiffs' purported authority, this general statement does not support Plaintiffs' expansive and overbroad view of § 1927.

In conclusion, nothing in the statute's legislative history contemplates the sanctions power extending to someone who signs an affidavit in litigation on behalf of a party who is already represented by counsel of record. Instead, over two centuries of legislative history of § 1927 makes clear that the focus always was on the particular lawyer responsible for conducting the litigation and who was admitted to practice before the sanctioning court. Sanctioning someone like Mr. Brumley was never intended or even contemplated, so this Court should reverse the district court's orders.

**CONCLUSION**

Mr. Brumley did not "multiply" the proceedings or engage in any litigation practices, advocacy, or "conduct," nor did he file the motions that supposedly vexatiously multiplied the litigation. Mr. Brumley was not acting as counsel in

strategizing the case or controlling the litigation; he was merely a party-representative fact-witness. He also, as a matter of happenstance, was licensed by the State Bar of New York and admitted to practice before a federal court thousands of miles away from the one that sanctioned him. That license and federal admission had nothing to do with his involvement as a client-representative in this litigation in Montana. No amount of depositions or discovery can change these facts.

For the reasons set forth above and in Mr. Brumley's Opening Brief, the district court lacked authority to impose sanctions against Mr. Brumley under 28 U.S.C. § 1927. Therefore, this Court should reverse the district court and vacate the orders imposing sanctions against Mr. Brumley.

February 2, 2024                   Respectfully submitted,

                                   MANATT, PHELPS & PHILLIPS, LLP

                                   By: *s/Benjamin G. Shatz*
                                        *Attorneys for Appellant*
                                        Philip Brumley

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 23-35329, 23-35330

I am the attorney or self-represented party.

**This brief contains** | 6,953 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

( ● ) complies with the word limit of Cir. R. 32-1.

( ) is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

( ) is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

( ) is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

( ) complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

( ) complies with the length limit designated by court order dated _____.

( ) is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/Benjamin G. Shatz | **Date** | 2/2/2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**          *Rev. 12/01/22*